Todd **DEFLUMER** and Pamela Hazelton, **Individually and on behalf of all others similarly situated, Plaintiffs,**

v.

Jack **OVERTON, Jr., Individually and d/b/a Overton, Russell and Doerr; Stanley Russell, Individually and d/b/a Overton, Russell and Doerr; Jeffrey Doerr, Individually and d/b/a Overton, Russell and Doerr, Defendants.**

No. 97–CV–157.

United States District Court,
N.D. New York.

Oct. 21, 1997.

---

1. General Order # 41 is now incorporated into    Local Rule 7.1(b)(1).

Office of Richard L. Dimaggio (Richard L. Dimattio, Jr., of counsel), Glenville, NY, for Plaintiffs.

Roche, Corrigan Law Firm (Scott W. Bush, of counsel), Albany, NY, for Defendants.

## MEMORANDUM–DECISION & ORDER

McAVOY, Chief Judge.

## I.  BACKGROUND

### A.  Procedural History

Plaintiffs Deflumer and Hazelton initiated this action against a debt collection agency and its individual partners, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Plaintiffs' Complaint is separated into seven

counts, alleging, *inter alia*, that the defendants violated the FDCPA by threatening legal action on small unpaid debts when, in fact, the defendants had no intention of pursuing legal action, mailing noncomplying summonses to various consumers and placing an improper venue on the noncomplying summonses.

Now before the Court are two motions. First, plaintiffs move to certify a class of all consumers the defendants sent a communication or communications to on or after February 6, 1996, threatening legal action to collect a debt incurred for personal, family or household purposes. Second, plaintiffs move for sanctions, pursuant to Rule 11 of the Federal Rules of Civil Procedure, against defendants' attorneys for alleged misstatements and misrepresentations contained in the papers submitted to this Court by the defendants in opposition to plaintiffs' motion for class certification.

For the reasons stated below, plaintiffs' motion for class certification is DENIED, and plaintiffs' motion for sanctions is DENIED.

## B. Facts

On several occasions, plaintiff Hazelton visited "Medi–Call," a walk-in medical service operated by Seton Health System, Inc ("Seton"). Seton billed Hazelton a total of $184.25 for these visits. However, Hazelton did not pay the bill, and as a result, Seton referred the matter to Overton, Russell and Doerr for collection.

According to Hazelton, defendants proceeded to send her a series of letters. The first series of letters sent by the defendants stated, in part: "[w]e are the attorneys for Seton Health system and have been requested to remind you of this unpaid bill." The second series of letters stated, in part: "[i]n view of your failure to pay the amount due to Seton Health Systems, your account has been referred to us for immediate action against you."

Similarly, plaintiff Deflumer received a bill from Ellis Hospital for services rendered totaling $34, which was referred to the defendants for debt collection. According to Deflumer, he then received an identical series of collection letters as those received by Hazelton, threatening suit if he did not pay the debt. Deflumer contends, however, that his debt to Ellis Hospital was discharged in a Chapter 7 bankruptcy proceeding.

Plaintiffs assert that the defendants sent these letters threatening legal suit when, in fact, the defendants had no intention of pursing legal action. Plaintiffs also allege that when they failed to respond to the second series of letters, defendants mailed them a Summons and Affidavit of Mailing. According to the plaintiffs, these papers did not comply with the New York CPLR, as they neither stated that the action was a "Consumer Credit Transaction", nor came complete with a form for the debtor to sign acceptance of the mailing. Plaintiffs also claim that the affidavit stated that if the debtor did not sign, "[a] process server may be hired." According to the plaintiffs, however, a process server is never hired by the defendants when small debt amounts are involved.

Additionally, plaintiffs claim that the summonses were never filed, bore no index number and were improperly venued in Rensselaer County. According to the plaintiffs, these official looking documents are intended to coerce payment. Further, plaintiffs contend that these papers evidence that the defendants misrepresented the legal status of their debt in violation of the FDCPA, and that these alleged abusive collection practices are applied by the defendants to numerous other consumers.

## II. DISCUSSION

### A. Certification of Class Action

Plaintiffs' class is defined as: All those consumers who were sent a communication or communications similar to the February 12, 1996 collection notice sent to Hazelton stating "your account has been referred to this office for immediate action against you," and "[y]our failure to respond to this letter could result in the commencement of legal action and the entry of a judgment if the creditor succeeds," when no Summons and Complaint were subsequently filed, in an at-

tempt to collect a debt incurred for personal, family or household purposes on or after February 6, 1996. Further, plaintiffs propose to divide the class into three subclasses.

■ To certify a plaintiff class pursuant to Fed.R.Civ.P. 23(a), the plaintiff must demonstrate that:

(1) the class is so numerous that joinder of all members is impracticable,

(2) there are questions of law or fact common to the class,

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

(4) the representative parties will fairly and adequately protect the interests of the class.

Additionally, a class action must satisfy one of the requirements of Rule 23(b). In evaluating a motion for class certification, the Court accepts as true the substantive allegations in the complaint and does not conduct even a preliminary inquiry into the merits of the case. *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177–78, 94 S.Ct. 2140, 2152–53, 40 L.Ed.2d 732 (1974).

Plaintiffs assert that they satisfy the four-prong test for class certification under Rule 23(a). Defendants, by contrast, argue that none of the prerequisites for class certification have been met. The Court holds that the plaintiffs have failed to meet the prerequisites for class certification, as the plaintiffs have not satisfied the numerosity requirement.

### 1. Numerosity

■ The numerosity requirement for a class action provides that the prospective class be "so numerous that joinder of the members is impracticable." Fed.R.Civ.P. 23(a)(1). However, "[i]mpracticable does not mean impossible." *Robidoux v. Celani,* 987 F.2d 931, 935 (2d Cir.1993). Further, a precise quantification of the plaintiffs' class is unnecessary, as the court may make "common sense assumptions" to support a finding of numerosity. *See, e.g., German v. Federal Home Loan Mortgage,* 885 F.Supp. 537, 551 (S.D.N.Y.1995). However, "[a]s the bearers of the burden to show joinder is impractica-

ble, '[p]laintiffs must show some evidence of or reasonably estimate the number of class members.'" *Id.* (quoting *Barlow v. Marion County Hosp. Dist.,* 88 F.R.D. 619, 625 (M.D.Fla.1980)); *see also Narwick v. Wexler,* 901 F.Supp. 1275, 1278 (N.D.Ill.1995) (stating that "a putative class representative must provide some evidence as to the size of the class; 'he or she cannot rely on conclusory allegations that joinder is impractical [sic] or on speculation as to the size of the class in order to proved numerosity'") (quoting *Marcial v. Coronet Ins. Co.,* 880 F.2d 954, 957 (7th Cir.1989)).

In the present case, plaintiffs argue that although the precise number and identity of the class members is unknown, discovery requests are pending that will identify the class members. Plaintiffs also argue that it is the defendants' practice to send letters that threaten legal action on small debt amounts such as the amounts at issue here, and that hundreds or perhaps even thousands of consumers were improperly served by the defendants in violation of the FDCPA. Moreover, plaintiffs argue that the defendants represent at least three hospitals, and urge the Court to infer that a class of consumers exist based on the defendants' use of computer generated letters.

Defendants, in turn, respond that the plaintiffs have failed to satisfy the numerosity requirement, as no showing has been made that anyone other than the two named plaintiffs fall within the proposed class. According to the defendants, plaintiffs' arguments are based on pure speculation, which is insufficient to satisfy their burden.

■ The Court finds that the plaintiffs have failed to satisfy the numerosity requirement. First, contrary to plaintiffs' assertion, it is unclear how pending discovery requests will demonstrate that joinder is impracticable, when a review of the pretrial scheduling order shows that the permissible time period for discovery elapsed on February 2, 1997, more than eight months ago. Plaintiff has, in fact, had ample opportunity to gather some evidence showing the size of the proposed class.

Second, plaintiffs have failed to proffer sufficient evidence to permit a reasonable estimate of the number of persons who fall within the proposed class. For instance, plaintiffs provide no evidence with respect to the number of consumers who the defendants allegedly sent threatening letters to similar to those received by the plaintiffs, other than the conclusory allegation that the number was "numerous." *Cf. Savino v. Computer Credit, Inc.,* 173 F.R.D. 346, 352 (E.D.N.Y. 1997) (finding that numerosity requirement was satisfied where plaintiff alleged more than 300,000 customers were sent form debt collection letters). Plaintiffs also fail to provide any evidence as to the number of consumers that the three hospitals referred to the defendants' debt collection agency. Instead, plaintiffs state in their Memorandum of Law that the number of consumers who received similar letters may number in the hundreds or thousands, based on the fact that the defendants serviced three hospitals and sent out pre-printed computer generated letters. This argument is pure speculation; it is not a reasonable estimate of the number of persons contained in the proposed class. Nor does it allow the Court to infer that the class is necessarily so large so as to make joinder impracticable. Rather, it is a naked assertion that the number of plaintiffs are too numerous with no factual support, such as the number of customers the defendants sent similar letters to, or even the number of customers serviced by the defendants' debt collection agency. *See Smith v. Transworld Systems, Inc.,* 953 F.2d 1025, 1032–33 (6th Cir.1992) (rejecting argument that plaintiffs satisfied prerequisites for class action by merely alleging defendants used computer generated form letters); *see also Byes v. Accelerated Cash Flow,* 1997 WL 285004 (E.D.La.) (same).

■ Third, plaintiffs have failed to even address any of the other factors relevant to the issue of impracticability of joinder. Such "relevant considerations include judicial economy arising from the avoidance of a multiplicity of actions, geographic dispersion of class members, financial resources of class members, the ability of claimants to institute individual suits, and requests for prospective injunctive relief which would involve future class members." *Robidoux,* 987 F.2d at 935 (citations omitted).

Accordingly, the Court concludes that the plaintiffs have failed to allege sufficient facts to permit a finding that joinder is impracticable, and thus denies plaintiffs' motion for class certification.

## B. Sanctions

Plaintiffs move for sanctions, pursuant to Rule 11 of the Federal Rules of Civil Procedure, against defendants' attorneys Scott Bush and Jeffrey Doerr, alleging that Bush and Doerr submitted Affidavits and Memorandum of Law in opposition to plaintiff's motion for class certification that both manipulated and misrepresented this action to the Court.

■ Turning first to Doerr, plaintiff argues, *inter alia,* that in Doerr's Affidavit in opposition to plaintiff's class certification motion, Doerr stated that all consumers received two copies of the acknowledgment of receipt of summons and notice, and that the plaintiffs have no evidence to show that the defendants did not comply with New York procedure. Plaintiffs contend, however, that they cited to three examples when the defendants sent only one copy to consumers. Thus, plaintiffs argue that Doerr's denial of factual allegations is contradicted by the evidence.

Doerr, in turn, responds that he denied the plaintiffs' allegation that consumers only received one acknowledgment of the receipt and summons and notice, because this issue presents a factual question that is in dispute. Specifically, Doerr provides that he specifically designed the computer program used by the defendants to produce two such acknowledgment forms in all situations. Thus, Doerr disputes that any of the consumers could have received only one acknowledgment form.

The Court finds that there is no basis for sanctions against Doerr for this argument. Doerr had a factual basis to deny these allegations based on his familiarity with the computer system he designed, as well as his personal involvement in the business. Fur-

ther, after considering plaintiffs' other arguments against Doerr, the Court finds these arguments also to be without merit.

 Similarly, plaintiffs' argument that Bush should be sanctioned because of the legal arguments he made in defendants' Memorandum of Law, that incorporate many of the statements made by Doerr, also fails. In brief, plaintiffs argue that Bush did not have a basis in existing law to assert that there were no common questions of law or fact between Hazelton and Deflumer to preclude class certification. The Court need only comment that plaintiffs' argument is without merit.

In sum, the Court encourages both parties in the future to focus on the legal issues presented by this case.

## III. CONCLUSION

For the reasons stated herein, plaintiffs' motion for class certification is DENIED, and accordingly, the class allegations are stricken from the Complaint to allow the suit to proceed on an individual basis. Further, plaintiffs' motion for sanctions is DENIED.

**IT IS SO ORDERED.**