Claude JEFFRIES, on behalf of himself and all others similarly situated, Plaintiff,

v.

PENSION TRUST FUND OF THE PENSION, HOSPITALIZATION AND BENEFIT PLAN OF THE ELECTRICAL INDUSTRY, Defendant.

No. 99 Civ. 4174(LMM).

United States District Court, S.D. New York.

April 26, 2001.

Charles Chehebar, Kellner, Chehebar & Deveney, New York City, Jeffrey G. Smith, Robert Abrams, Wolf, Haldenstein, Adler, Freeman & Herz, L.L.P., New York City, for plaintiff.

Myron D. Rumeld, Proskauer Rose LLP, New York City, for defendant.

## MEMORANDUM AND ORDER

McKENNA, District Judge.

Claude Jeffries ("Plaintiff") filed a complaint alleging a claim under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, against the Pension Trust Fund of the Pension, Hospitalization and Benefit Plan of the Electrical Industry ("Defendant"). Defendant moves to dismiss the complaint and plaintiff moves for class certification. For the reasons set forth below, both motions are denied.

## Background

Plaintiff retired in February 1998 after having worked as an electrician since 1965. At the time of his retirement plaintiff was a member of the Local Union No. 3, International Brotherhood of Electrical Workers, AFL–CIO ("IBEW"). Prior to 1993, plaintiff was a member of Local Union No. 501, IBEW, AFL–CIO, at which time the two unions merged. Plaintiff had been a participant in the pension plan administered by the Local Union No. 501 and, upon the merger in 1993, became a participant in the Pension Trust Fund of the Pension, Hospitalization and Benefit Plan of the Electrical Industry ("the Plan"). From 1969 to 1975 and 1985 to 1997 funds were contributed on his behalf to the Plan. From 1977 to 1985 plaintiff worked in various parts of the country and funds were contributed on his behalf to pension plans administered by other IBEW locals, which plaintiff forfeited because he moved before the pension benefits vested under the terms of those plans.

In response to plaintiff's request for information, on June 13, 1997 defendant informed plaintiff that for purposes of pension benefits his starting date was 1985. Plaintiff applied for pension benefits starting March 1, 1998. On May 18, 1998 plaintiff requested that pension credits for 1969 to 1975 be included in his current pension. Defendants eventually responded that any pension credits earned by plaintiff during the period 1971–1975 were forfeited because those benefits had not vested before plaintiff took a break in service prior to 1976. Plaintiff claims that because of a severe recession in the New York area from 1975 to 1979, a large number of the Plan members were unemployed and the Plan should have declared a partial termination under 26 U.S.C. § 411(d)(3).[1] Had the Plan done this, plaintiff's pension credits earned through 1975 would have vested and his current pension benefits would include such credits.

## I.  Defendant's Motion to Dismiss

### Legal Standard

Under Rule 12(b)(6), a complaint will be dismissed if there is a "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). The Court must read the complaint generously accepting the truth of and drawing all reasonable inferences from well-pleaded factual allegations. *See Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir.1993). A court should dismiss a complaint only "if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Valmonte v. Bane*, 18 F.3d 992, 998 (2d Cir. 1994) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

### Standing

Defendant argues that plaintiff does not have standing to bring a claim against the Plan regarding its administration prior to its merger with the Local Union No. 501 in 1993. The Court disagrees. Plaintiff is currently receiving

---

1.  ERISA requires that for a retirement benefit plan to obtain favorable tax treatment it must provide that upon partial termination of the plan, "the rights of all affected employees to benefits accrued to the date of such … partial termination …, to the extent funded as of such date, or the amounts credited to the employees' accounts, are nonforfeitable." § 411(d)(3). What constitutes a partial termi-nation of a plan is not defined by statute, but has been construed to typically mean a termination of a significant percentage of employees from participation in the plan in connection with a corporate event such as layoffs or change in plan benefits. *See Weil v. Ret. Plan Admin. Comm. of Terson Co.*, 750 F.2d 10, 12–13 (2d Cir.1984).

pension benefits from the Plan and is seeking to recover benefits allegedly due to him from that Plan and to secure his rights to future benefits. Plaintiff therefore has standing under 29 U.S.C. § 1132(a)(1)(B) ("A civil action may be brought … by a participant or beneficiary … to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.").

## Statute of Limitations

The sole count of the complaint is a claim under § 1132(a)(1)(B). In plaintiff's opposition papers to defendant's motion to dismiss, however, plaintiff states that he is also asserting a claim for breach of fiduciary duty under § 1132(a)(3)(b). (Pl's. Mem. at 10–13.) Different statute of limitation periods apply to these two claims. ERISA does not provide a statute of limitations for claims for benefits, and the controlling limitations period is the six-year period prescribed by New York CPLR § 213 for contract actions. *Miles v. N.Y. State Teamsters Conference Pension & Ret. Fund Employee Pension Benefit Plan*, 698 F.2d 593, 598 (2d. Cir.1983). "A plaintiff's ERISA cause of action accrues and the six-year limitations period begins to run "where there has been 'a repudiation by the fiduciary which is clear and made known to the beneficiaries.' " *Id.* (quoting *Valle v. Joint Plumbing Indus. Bd.*, 623 F.2d 196, 202 (2d Cir.1980)). The statute of limitations on plaintiff's § 1132(a)(1)(B) claim began to run on June 13, 1997 when he first received notice that he was denied benefit credits for 1971–1975 and he filed his complaint on June 9, 1999. This claim is therefore timely.

ERISA does, however, provide for a statute of limitations period for claims for breach of fiduciary duty. Section 1113 provides:

No action may be commenced with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part or with respect to a violation of this part after the earlier of(1) six years after (A) the date of the last action which constitutes a part of the breach or violation, or (B) in the case of an omission, the latest date on which the fiduciary could have cured the breach or violation, or

(2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation;

except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

29 U.S.C. § 1113. Plaintiff seems to argue that the above limitations provision does not apply to his breach of fiduciary duty claim under § 1132(a)(3)(B), but this Court is only aware of, and agrees with, decisions holding that § 1113 applies to such claims. *See Radford v. Gen. Dynamics Corp.*, 151 F.3d 396 (5th Cir.1998); *Librizzi v. Children's Mem'l Med. Ctr.*, 134 F.3d 1302 (7th Cir.1998). Under § 1113(1) the relevant date would be 1979, the last date on which plaintiff alleges the plan should have declared a partial termination for the years 1975–79. Under § 1113(2) the Court assumes that the relevant date would be some time after plaintiff had actual knowledge of his denial of benefits on June 17, 1997 as a result of the failure to declare a partial termination of the plan. The earlier of the two dates is therefore 1985, six years after 1979, the latest date plaintiff alleges a basis for a partial termination of the Plan. Plaintiff does not allege fraud or concealment. Therefore, plaintiff's claim under § 1132(a)(3)(B) is time barred.

### Failure to State a Claim

■ Defendant argues that plaintiff has failed to allege sufficient facts to establish that partial termination of the Plan under 26 U.S .C. § 411(d)(3) in fact occurred. Plaintiff's allegations concern the recession and economic downturn suffered in New York City and Westchester between 1975–1979 and the concurrent unemployment of electricians. Plaintiff alleges that unemployment in Local Union Nos. 501 and 3 was approximately 20% and, "[a]lthough there is no 'magical figure at which partial termination occurs,'" layoffs of that magnitude have been accepted as potentially sufficient to result in a partial termination under § 411(d)(3). *Weil v. Ret. Plan Admin. Comm. of the Terson Co.*, 913 F.2d 1045, 1053 (2d Cir.1990) (citation omitted), *vacated in part on reh'g on other grounds*, 933 F.2d 106 (2d Cir.1991). Defendant argues that plaintiff cannot rely solely on the loss of employment, but must also allege "the significant loss of plan participation rights." (Def's. Reply at 5.) Defendant further argues that the latter cannot be inferred from the former because the Plan provided mechanisms by which participants could prevent the loss of participation rights even if unemployed, such as the break in service rules.[2] The Court agrees that plaintiff will have to establish a connection between the industry-wide unemployment and a significant loss of plan participant rights by those unemployed, *see Weil v. Ret. Plan Admin. Comm. of Terson Co.*, 750 F.2d 10, 12–13 (2d Cir. 1984), but on a motion to dismiss the connection is fairly inferred. Defendant's motion to dismiss is therefore denied.

### II. Plaintiff's Motion for Class Certification

■ Plaintiff seeks to certify a class "consisting of all persons who were participants in the Plan prior to and during 1975 and whose pension benefits for that period were forfeited because of the Plan's failure to declare a partial termination of the Plan." (Compl.¶ 8.) Plaintiff must satisfy the four prerequisites to a class action set forth in Fed.R.Civ.P. 23(a), namely that:

(1) the class is so numerous that joinder of all members is impractical, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In addition, because plaintiff seeks to certify a class under Fed. R. Civ. P 23(b)(3), he must show "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

■ On a motion for class certification, "the court must accept the allegations in the complaint as true and should not conduct a preliminary inquiry into the merits of the action." *Pecere v. Empire Blue Cross & Blue Shield*, 194 F.R.D. 66, 69 (E.D.N.Y.2000) (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974)). Moreover, "the law in the Second Circuit favors the liberal construction of Rule 23 and courts

**2.** Under the Plan, participants could apparently not work for a certain amount of time, a "break in service" but, if they returned to work within a certain amount of time and for a certain period, they could earn back the unvested pension credits accrued prior to the break in service. Because plaintiff attached the only 1995 version of the Plan to the complaint, the Court is unsure what terms applied to the plaintiff during the relevant period.

may exercise broad discretion when they determine whether to certify a class." *Id.*

## Numerosity

■ "Rule 23(a) requires a finding that the numerosity of injured persons makes joinder of all class members 'impractical,'" *Pecere,* 194 F.R.D. at 70 (citation omitted), and as bearer of that burden, plaintiff "must show some evidence of or reasonably estimate the number of class members." *Id.* (citation omitted).

■ Plaintiff alleges that "over 500 members of Local 501" and "at least 20%" of Local 3's over 35,000 members were unemployed during 1975–1979. (Compl.¶ 9.) However, plaintiff does not proffer any evidence of how many of those Local 501 and Local 3 members who were laid off forfeited pension benefits that they would be eligible for if it is determined that the Plan should have declared a partial termination. Instead, plaintiff claims that "the number of class members is likely to be in the thousands." (Pl's. Mem. at 7.) Although "the court may make 'common sense assumptions' to support a finding of numerosity," *LeGrand v. N.Y. City Transit Auth.,* No. 95–CV–0333, 1999 WL 342286, at *3 (E.D.N.Y. May 26, 1999), it cannot do so on the basis of pure speculation without any factual support. *Deflumer v. Overton,* 176 F.R.D. 55, 59 (N.D.N.Y.1997) (denying class certification motion on numerosity grounds because plaintiff provided no factual support to the "naked assertion" that prospective class members were too numerous). The other factors relevant to the practicality of joinder include judicial economy; geographic dispersion of class members; class member's financial resources; the ability of claimants to institute individual suits; and requests for prospective injunctive relief that would involve future class members. *Robidoux v. Celani,* 987 F.2d 931, 936 (2d Cir.1993) (citations omitted). With respect to these factors, plaintiff only claims that the

> likelihood of individual class members prosecuting separate claims is remote. Since the damages suffered by class members may be relatively small, the expense and burden of individual litigation makes it impossible for class members individually to seek redress for the wrongs done to them.

(Compl.¶ 12.) Again, these allegations are wholly unsupported by any evidence and cannot be the basis for finding that joinder is impractical. *See Pecere,* 194 F.R.D. at 70 n. 2 (discounting plaintiffs' assertions with respect to the inability of the class members to bring individual claims because they were unsupported by any evidence).

Because plaintiff fails to satisfy the numerosity requirement under Rule 23(a), the motion for class certification is denied. *Id.* at 70 ("[F]ailure to meet any one of Rule 23's requirements destroys the alleged class action."). However, if discovery reveals facts supporting class certification, plaintiff may refile the motion.

## Conclusion

Defendant's motion to dismiss is denied and plaintiff's motion for class certification is denied with leave to refile after relevant discovery has taken place.

SO ORDERED.