**Nicholas O. RUSSO, Jr., Plaintiff,**

v.

**CVS PHARMACY, INC., and Jeffrey Flaherty, Hartford Police Captain, Defendants.**

**No. 3:00CV1852(JBA).**

United States District Court, D. Connecticut.

July 19, 2001.

---

**2.** Plaintiff Rivera's motion for leave to amend the complaint is deficient under Local Rule 311.2 since: (1) it fails to inform the court of specific reasons which would explain the motion's untimeliness, and (2) it fails to cite authority in support of her position.

David K. Jaffe, Spinella & Jaffe, Hartford, CT, James S. Brewer, West Hartford, CT, John T. Forrest, Law Offices of John T. Forrest, LLC, Hartford, CT, for plaintiff.

Peter C. Schwartz, Renee Wocl Dwyer, Gordon, Muir & Foley, Hartford, CT, for CVS Pharmacy, Inc., Rite Aid of Connecticut, Inc.

Linda L. Morkan, Eric Lukingbeal, Robinson & Cole, Hartford, CT, for Stop & Shop Co., Inc.

Elizabeth Robbin Houde, Rogin, Nassau, Caplan, Lassman & Hirtle, Hartford, CT, for Arrow Pharmacies LLC.

Jack D. Miller, Ralph G. Eddy, Regnier, Taylor, Curran & Eddy, Hartford, CT, for Walgreens Healthcare Plus, Inc.

Stephen Richard Sarnoski, Attorney General's Office, Hartford, CT, for John M. Bailey, James E. Thomas, Joseph E. Hammick, Lawrence Skinner.

Linda L. Yoder, Charles L. Howard, Gregg Peter Goumas, Kara L. Van Ausdall, Shipman & Goodwin, Hartford, CT, Joseph W. McQuade, Kainen, Escalera & McHale, PC, Hartford, CT, for Jeffrey Flaherty, David Kenary, Stephen Hajdasz.

Helen Apostolidis, Corporation Counsel's Office, Hartford, CT, for City of Hartford.

## MEMORANDUM OF DECISION
### (DOC. # 49)

ARTERTON, District Judge.

In this § 1983 action, plaintiff seeks monetary damages and equitable relief for Fourth Amendment violations resulting from the alleged warrantless seizure of his private pharmaceutical records. According to plaintiff's complaint, defendant Flaherty and other state and federal officials obtained his patient profile and prescription list from defendant CVS Pharmacy, as well as a number of other pharmacies in the Hartford area, "without presenting a valid warrant or other legitimate legal process." Substitute Amended Complaint, ¶¶ 9, 11–13, 15–27. Plaintiff now moves for certification of the following classes:

1) The Plaintiff Class, represented by Nicholas O. Russo, Jr.: Plaintiff and all others similarly situated in the United States whose Fourth Amendment rights and right to privacy were violated by the distribution and procurement of private pharmaceutical records by the pharmacies to law enforcement without a valid warrant in violation of the Fourth Amendment and the Fourteenth Amendment to the United States Constitution.

2) The Law Enforcement Class, represented by Jeffrey Flaherty: All law enforcement agencies and officials in the United States who wrongfully searched and seized pharmaceutical records without a valid warrant or legitimate legal process in violation of the Fourth Amendment and the Fourteenth Amendment to the United States Constitution.

3) The Pharmacy Class, represented by CVS Pharmacy, Inc.: All pharmacies in the United States who invaded their patrons' right to privacy by distributing pharmaceutical records without the authority to do so.

Pl.Mem. (Doc. # 50) at 2. Defendants oppose class certification, arguing that the requirements of Fed.R.Civ.P. 23 have not been met for all three classes.

## Discussion

■ A party seeking class certification bears the burden of demonstrating that the class satisfies the prerequisites of Fed. R.Civ.P. 23(a): numerosity, commonality, typicality, and adequacy of representation. See Fed.R.Civ.P. 23(a); Marisol A. v. Giuliani, 126 F.3d 372, 375 (2d Cir.1997). Furthermore, the party seeking certification must qualify under one of three criteria set forth in Rule 23(b). See Comer v. Cisneros, 37 F.3d 775, 796 (2d Cir.1994). A court should only grant a motion to certify a proposed class if it "is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." Gen. Tel. Co. of the Southwest v. Falcon, 457 U.S. 147, 161, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982). However, the law in the Second Circuit favors the liberal construction of Rule 23 and courts may exercise broad discretion when they determine whether to certify a class. See Gary Plastic Packaging Corp. v. Merrill Lynch, 903 F.2d 176, 179 (2d Cir.1990). The Court will consider each proposed class in turn.

### A. Plaintiff Class

#### 1. Numerosity

■ Rule 23(a) requires a finding that the numerosity of injured persons makes joinder of all class members "impracticable." Robidoux v. Celani, 987 F.2d 931, 935 (2d Cir.1993). Impracticable does not mean impossible, but simply difficult or inconvenient. See id.; Reynolds v. Giuliani, 118 F.Supp.2d 352, 388 (S.D.N.Y.2000). "There is no magic minimum number that will breathe life into a class," Jones v. CCH–LIS Legal Information Servs., 1998 WL 671446, *1 (S.D.N.Y. Sept.28, 1998), but generally, courts will find a class sufficiently numerous when it comprises forty or more members. Robidoux, 987 F.2d at 936; Martin v. Shell Oil, 198 F.R.D. 580, 590 (D.Conn.2000). However, an estimate that is based on speculation is insufficient. See Deflumer v. Overton, 176 F.R.D. 55, 58–59 (N.D.N.Y.1997) (holding that "pure speculation . . . is insufficient to satisfy [movant's] burden"); see also Demarco v. Edens, 390 F.2d 836, 845 (2d Cir.1968) (disapproving maintenance of class action where assertions

of numerosity and impracticability are "pure speculation"). As plaintiff bears the burden of demonstrating numerosity, he must show "some evidence of or reasonably estimate the number of class members," but in assessing numerosity a court may make "common sense assumptions" without the need for "precise quantification of the class." *Pecere v. Empire Blue Cross & Blue Shield,* 194 F.R.D. 66, 69 (E.D.N.Y.2000), *citing LeGrand v. New York City Transit Auth.,* No. 95–CV–0333, 1999 WL 342286, *3 (E.D.N.Y. May 26, 1999).

■ Plaintiff's Substitute Amended Complaint is bereft of any class allegations, and contains no indication that the pharmaceutical records of any other individuals were disclosed in violation of the Fourth Amendment. In his brief, plaintiff argues that because his complaint "alleges a pattern of abuse of power by Defendant law enforcement (sic) and Defendant pharmacies," and because "Defendant's own pharmacists have stated that Plaintiff was not the only victim of such abuse of power," the numerosity requirement is met. The only "pattern" alleged in the Complaint, however, is that Flaherty and other law enforcement officials were able to obtain Russo's pharmaceutical information from a number of different pharmacies without a warrant. The pattern follows Russo, not any other individual, and it would be unreasonable to assume that because Russo has had his records unlawfully seized, a significant number of others must have suffered the same treatment such that numerosity can be inferred. The unattributed statement of "Defendant's own pharmacists" is similarly insufficient to demonstrate numerosity, even if an allegation to this effect had been included in the Complaint or proffered by means of some form of competent evidence, such as an affidavit. That plaintiff is "not the only victim" of the alleged unlawful seizures does not mean that other "victims" are numerous, much less so numerous that joinder would be impracticable.

■ Plaintiff also cites case law holding that geographical dispersion of members is a factor weighing in favor of a numerosity finding, contending that "[i]n view of the large number of geographically dispersed class members throughout the United States whose civil rights and right of privacy were violated," the numerosity requirement is satisfied. Pl.Mem. at 7. Plaintiff cannot predicate a numerosity finding on the mere statement of counsel in a brief that the putative class members are geographically dispersed, absent some indication that such class members actually exist. If plaintiff has provided no basis for an assumption that the records of other individuals were obtained by the law enforcement officials listed in his complaint, he has certainly provided no basis for an assumption that other, unnamed law enforcement officials in other states engaged in such conduct. While the requirements for class certification are to be applied liberally, an individual civil rights case cannot be transformed into a class action simply by virtue of the ipse dixit that since it happened to the plaintiff, it must have happened to others, without some indication allowing the Court to make the "reasonable estimate" that the law requires. *Cf. Daniels v. City of New York,* 198 F.R.D. 409 (S.D.N.Y.2001) (in case alleging Fourth Amendment violations in police stops and arrests, numerosity requirement met where plaintiffs presented statistics on total number of stops, racial composition of individuals stopped, and evidence allowing inference of what percentage of stops were illegal); *Doe v. Bridgeport Police Dep't,* 198 F.R.D. 325, 331 (D.Conn.2001) (Fourth Amendment challenge to Bridgeport Police Department's practice of arresting needle exchange participants; putative class members sufficiently numerous where there was undisputed evidence that more than 1,200 arrests had been made by police for narcotics violations).

Accordingly, plaintiff's conclusory assertions that a "pattern" of abuse is involved and that class members are geographically dispersed, without any basis from which to estimate the numbers of persons affected, does not satisfy Rule 23(a)'s numerosity requirement. On the record before it, the Court has no way of judging whether the proposed plaintiff class is composed of 5 individuals, or 5,000. The Court concludes that plaintiff has not met his burden of demonstrating that the number of persons who

have had their pharmacy records unlawfully seized is so numerous so as to make joinder impracticable.

### 2. Commonality

■ The commonality requirement is met if the putative class members' claims share a common question of law or of fact. *See Marisol A.,* 126 F.3d at 376. "Rule 23(a)(2) requires only that questions of law or fact be shared by the prospective class. It does not require that all questions of law or fact raised be common." *Savino v. Computer Credit, Inc.,* 173 F.R.D. 346, 352 (E.D.N.Y. 1997) (internal citations omitted). Plaintiff cites the following issues as being "common to the members of the classes in this case:"

1. Whether the search and seizure violated the Fourth and Fourteenth Amendment rights of the Plaintiff;

2. Whether the plaintiff had a reasonable expectation of privacy in the pharmaceutical records maintained by the pharmacy; and

3. Whether the pharmacies had authority to distribute Plaintiff's pharmaceutical records without consent.

Resolution of these questions, however, will vary based upon the specific facts and circumstances under which each alleged seizure and/or inspection took place. *See Ker v. California,* 374 U.S. 23, 33, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963) ("This Cour[t] [has a] long-established recognition that standards of reasonableness under the Fourth Amendment are not susceptible of Procrustean application"; "[e]ach case is to be decided on its own facts and circumstances"); *United States v. Reilly,* 76 F.3d 1271, 1275 (2d Cir. 1996) (whether individual had reasonable expectation of privacy is factual question). While claims of Fourth Amendment violations may be susceptible to resolution by means of a class action where the allegations involve a uniform policy, *see Bell v. Wolfish,* 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979) (class action challenging on Fourth Amendment grounds prison strip search policy), or program, *see City of Indianapolis v. Edmond,* 531 U.S. 32, 121 S.Ct. 447, 148 L.Ed.2d 333 (2000) (class action challenging city's drug interdiction check-point program),

plaintiff does not allege that all law enforcement officers in the country acted pursuant to such a unitary scheme. *See Marisol A. v. Giuliani,* 126 F.3d 372, 377 (2d Cir.1997) (per curiam) (while district court conceptualized the common questions of law and fact at a high level of abstraction, certification of class not an abuse of discretion because "plaintiffs allege that their injuries derive from a unitary course of conduct by a single system . . . .").

Plaintiff's proposed class would have the Court adjudicate the Fourth Amendment claims of a California resident who claimed that she had a reasonable expectation of privacy in her pharmacy records, and that California law enforcement officials had unlawfully seized and inspected those records. The Court would be required to analyze the expectation of the individual plaintiff, the California statutes governing pharmaceutical records, and the justification for the seizure and/or inspection advanced by the California officials. The California case would have no connection to Connecticut, save plaintiff's initiation of this suit. The Court will not commence such an undertaking without a showing of commonality at a level of specificity greater than that currently advanced by the plaintiff.

As numerosity and commonality are not met, the Court need not consider the other requirements of Rule 23(a) or 23(b). Class certification of the putative plaintiff class is not appropriate, and is accordingly denied.

### B. *Defendant Classes*

■ Although plaintiff classes are more common, the Second Circuit has held that the requirements of Rule 23 apply equally to plaintiff and defendant classes. *Marcera v. Chinlund,* 595 F.2d 1231, 1238 (2d Cir.), *vacated on other grounds sub nom. Lombard v. Marcera,* 442 U.S. 915, 99 S.Ct. 2833, 61 L.Ed.2d 281 (1979). The same flaws identified above preclude the certification of any defendant classes at this juncture. His failure to provide any basis for estimating the number of plaintiffs dooms the proposed defendant Law Enforcement class and defendant Pharmacies class, because the Court has no means of estimating the number, if

any, of searches that occurred and pharmacies that unlawfully disclosed pharmaceutical records. Similarly, as the Plaintiff Class will not be certified, there are no common questions of law and fact, as the sole plaintiff (Mr. Russo) has not alleged any connection to law enforcement agencies or pharmacies in other states. The lack of common legal issues also renders both Flaherty and CVS inadequate class representatives, as the pursuit of their individual defenses will not necessarily protect the interests of the class. *See Consolidated Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir.1995). Certification of the proposed defendant classes at this juncture is therefore inappropriate.

## Conclusion

As the proposed classes do not meet the requirements of Rule 23(a), plaintiff's motion for class certification (Doc. # 49) is DE-NIED. In accordance with the scheduling order entered on November 28, 2000, any motions to dismiss are to be filed in fourteen days from the date of this ruling. *See* Doc. # 47.

IT IS SO ORDERED.