**Junior MENTOR, Individually and on behalf of others similarly situated, Plaintiff,**

v.

**IMPERIAL PARKING SYSTEMS, INC., et al., Defendants.**

No. 05 Civ. 7993(WHP).

United States District Court, S.D. New York.

Sept. 27, 2007.

Emmanuel Roy, Esq., Roy & Associates, P.C., Brooklyn, NY, for Plaintiffs.

Douglas E. Rowe, Esq., Certilman Balin Adler & Hyman, LLP, East Meadow, NY, for Defendants.

## MEMORANDUM AND ORDER

WILLIAM H. PAULEY III, District Judge.

Plaintiff Junior Mentor ("Mentor") moves to (1) add Pouttley A. Pierre as a Plaintiff in this action; (2) circulate a Notice of Pendency and Consent to Join pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and (3) certify a class action under the New York Labor Law ("NYLL"), §§ 190 *et seq.* and 650 *et seq.* For the following reasons, Mentor's motion is granted.

## BACKGROUND

Mentor is a black male of Haitian origin who resides in New York and was employed by Defendant Imperial Parking Systems, Inc. ("Imperial") as a parking attendant from June 28, 2000 to June 20, 2005. (Declaration of Junior Mentor, dated Oct. 25, 2006 ("Mentor Decl.") ¶ 2.) Imperial owns and manages approximately seventy-six garages in New York City, including the other corporate Defendants in this action. (Declaration of Frederick Younggren, dated Nov. 10, 2006 ("Younggren Decl.") ¶ 3.) Collectively, the Defendants employ in excess of 400 parking attendants at any given time. (Mentor Decl. ¶ 5; Declaration of Pouttley A. Pierre, dated Sept. 26, 2006 ("Pierre Decl.") ¶ 6.)

Mentor and another parking attendant, Poutley A. Pierre ("Pierre"), claim that De-

fendants had a joint policy of denying overtime pay for work in excess of forty hours per week. (Mentor Decl. ¶¶ 8–9; Pierre Decl. ¶¶ 9–10.) Defendants allegedly implemented their policy by transferring employees between garages at least once per week and failing to aggregate hours worked when computing overtime. (Mentor Decl. ¶¶ 10–12; Pierre Decl. ¶ 11.) Defendants also modified time cards to decrease total hours worked and issued separate W–2 wage reporting forms for work performed in different garages. (Mentor Decl. ¶ 11; Pierre Decl. ¶ 11; Declaration of Michael Shen, dated Oct. 30, 2006 ("Shen Decl.") ¶¶ 7, 10 & Ex. H: Examples of Modified Time Cards.)

The Complaint asserts a number of additional claims, including employment discrimination and retaliation under the New York City Human Rights Law. However, the instant motion relates solely to Plaintiff's overtime claims.[1]

## DISCUSSION

### I. Motion to Add Plaintiff

By letter dated November 24, 2006, Pierre sought to be added to this action as a Plaintiff with respect to the pending FLSA and NYLL claims. (Supplemental Declaration of Michael Shen, dated Nov. 27, 2006 ("Supp. Shen Decl.") Ex. C: Letter from Pouttley A. Pierre, dated Nov. 24, 2006.) Fed.R.Civ.P. 20(a) provides, in relevant part: "All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction [or] occurrence...." Fed.R.Civ.P. 21 provides, in relevant part: "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Defendants have not objected to Pierre's addition as a Plaintiff and the Court finds that his inclusion in the action would be just. Accordingly, the motion to add Pierre as a Plaintiff is granted.[2]

1. After this motion was filed, but before it was argued, Plaintiff sought leave to appoint new counsel. That application was granted. However, newly-appointed counsel declined to amend or supplement Plaintiff's submissions and, ac-

cordingly, this Court considers the motion based on the record before it.

2. This Memorandum and Order uses the singular and refers to "Plaintiff's" arguments because

## II.  FLSA § 216(b)

### A.  Legal Standard

29 U.S.C. § 216(b) provides, in relevant part:

An action to recover the liability prescribed in [this section] may be maintained against any employer ... in any Federal ... court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.  No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

Although § 216(b) has no provision for issuing notice in a collective action, it is well settled that courts have discretion to authorize an FLSA plaintiff to send such notice to potential plaintiffs.  See Masson v. Ecolab, Inc., No. 04 Civ. 4488(MBM), 2005 WL 2000133, at *13 (S.D.N.Y. Aug.17, 2005); Gjurovich v. Emmanuel's Marketplace, Inc., 282 F.Supp.2d 91, 97 (S.D.N.Y.2003).  To make this determination, the Court examines the pleadings and affidavits and determines whether the proposed class members are "similarly situated."  Masson, 2005 WL 2000133, at * 13.  If so, the Court "conditionally certifies" the collective action.  Masson, 2005 WL 2000133, at *13.  Putative class members are given notice and the opportunity to "opt in" and the case proceeds through discovery as a representative action.  Masson, 2005 WL 2000133, at *13.

In the early stages of litigation, courts employ a relatively lenient evidentiary standard to determine whether a collective action is appropriate.  Masson, 2005 WL 2000133, at *13; see also Jackson v. N.Y. Tel. Co., 163 F.R.D. 429, 431 (S.D.N.Y.1995) ("The inquiry at the inception of the lawsuit is less stringent than the ultimate determination that the class is properly constituted.").  A plaintiff can meet the burden of establishing that he is similarly situated to other potential plaintiffs by "making a modest factual showing sufficient to demonstrate that [he] and [they] together were victims of a common policy or plan that violated the law."  Hoffmann v. Sbarro, Inc., 982 F.Supp. 249, 261 (S.D.N.Y. 1997).  The Court must determine whether there is a "factual nexus between the [named plaintiff's] situation and the situation of other current and former [employees]."  Hoffmann, 982 F.Supp. at 262; see also Masson, 2005 WL 2000133, at *13.  Thus, the merits of a plaintiff's claims need not be evaluated and discovery need not be completed to approve and disseminate a § 216(b) notice.[3]  Hoffmann, 982 F.Supp. at 262; Masson, 2005 WL 2000133, at *13.

### B.  Appropriateness of Notice

■  Plaintiff has presented declarations asserting that Defendants had a policy of denying overtime pay to parking attendants, which they concealed by, inter alia, transferring employees between garages and issuing separate W–2s for work performed in different locations.  While dates of employment and hours worked are unique to each employee, Plaintiff has met his burden of "making a modest factual showing sufficient to demonstrate that [he] and [other employees] together were victims of a common policy or plan that violated the law."  Hoffmann, 982 F.Supp. at 261.  Accordingly, Plaintiff's motion to circulate a Notice of Pendency and Consent to Join pursuant to 29 U.S.C. § 216(b) is granted.  See Hoffmann, 982 F.Supp. at 261; Damassia, 2006 WL 2853971, at *6 (granting motion to circulate § 216(b) notice despite differences between employees in hours and locations worked); Young v. Cooper Cameron Corp., 229 F.R.D. 50, 55–56 (S.D.N.Y.2005) (same).

---

Mentor was the sole moving party on the instant motions.

**3.**  Defendants may move to de-certify an FLSA class if, after pre-trial discovery, it becomes apparent that the plaintiffs are not similarly situated.  Masson, 2005 WL 2000133, at *14; Flores v. Osaka Health SPA, Inc., No. 05 Civ. 0962(VM), 2006 WL 695675, at *2 (S.D.N.Y. Mar.16, 2006).  At that stage, courts must apply a more "stringent standard" of proof in evaluating plaintiffs' argument that they are similarly situated.  Damassia v. Duane Reade, Inc., No. 04 Civ. 8819(GEL), 2006 WL 2853971, at *3 (S.D.N.Y. Oct.5, 2006) ("After discovery, courts typically engage in a 'second tier' of analysis to determine on a full record—and under a more stringent standard—whether the additional plaintiffs are in fact similarly situated.").

### C. *Scope and Form of § 216(b) Notice*

Plaintiff seeks to certify a collective action encompassing all parking attendants employed by Defendants since November 15, 2002. (Shen Decl. Ex. J: Proposed Form of Notice.) Defendants argue that, because some parking attendants were paid limited overtime, the proposed collective action is overbroad. This argument ignores the fact that even employees who received partial overtime pay may have been victimized by Defendants' unlawful policies. Accordingly, the proposed notice is approved by this Court.

The Court notes that the proposed notice contains contact information for Michael Shen, Plaintiff's previous counsel. Prior to circulating the proposed notice, Plaintiff is directed to revise it by substituting contact information for his new counsel.

### III. *Class Certification—NYLL Claims*

Plaintiff seeks to certify a class consisting of "parking attendants who, at any time from November 15, 1999 (the 'class period'), were denied overtime pay and vacation pay, in violation of the New York Labor Law §§ 190 *et seq.* and 650 *et seq.*"

### A. *Legal Standard*

Fed.R.Civ.P. 23(a) provides, in relevant part:

> One or more members of a class may sue ... as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In addition to the enumerated factors above, "Rule 23 contains an implicit requirement that the proposed class be precise, objective and presently ascertainable. Thus, a proposed class must be clearly defined so that it is administratively feasible for a court to determine whether a particular individual is a member." *Bakalar v. Vavra,* 237 F.R.D.

59, 64 (S.D.N.Y.2006) (quotation omitted); *see also Burley v. City of New York,* No. 03 Civ. 0735(WHP), 2005 WL 668789, at *8 (S.D.N.Y. Mar.23, 2005) (citations omitted); *McBean v. City of New York,* 228 F.R.D. 487, 492 (S.D.N.Y.2005); *Dunnigan v. Metro. Life Ins. Co.,* 214 F.R.D. 125, 135 (S.D.N.Y.2003). Fed.R.Civ.P. 23(b) further provides that an action may be maintained as a class action if "(3) the court finds that the questions of law or fact common to members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

The Second Circuit recently clarified that this Court must conduct a "rigorous analysis" to determine "that every Rule 23 requirement" is met before certifying a class. *In re Initial Public Offering Sec. Litig.,* 471 F.3d 24, 41 (2d Cir.2006) ("*IPO*"). "[T]here is no reason to lessen a district court's obligation to make a determination that every Rule 23 requirement is met before certifying a class just because of some or even full overlap of that requirement with a merits issue." *IPO,* 471 F.3d at 41. Put differently, a district court must now "make any disputed factual calls that are relevant to certification, and must make merits determinations to the extent they relate to Rule 23 requirements." *Vengurlekar v. HSBC Bank,* No. 03 Civ. 0243(LTS), 2007 WL 1498326, at *3 (S.D.N.Y. May 22, 2006).

### B. *Rule 23(a)*

#### 1. *Numerosity*

Numerosity is presumed for classes with forty or more members. *See, e.g., Consolidated Rail Corp. v. Town of Hyde Park,* 47 F.3d 473, 483 (2d Cir.1995). Fewer than 21 members dooms a putative class. *Novella v. Westchester Cty.,* 443 F.Supp.2d 540, 546 (S.D.N.Y.2006). Although the precise number of class members need not be proved with certainty, a court cannot find numerosity based on "pure speculation without any factual support." *Jeffries v. Pension Trust Fund of the Pension, Hospitalization & Benefit Plan of the Elec. Indus.,* 172 F.Supp.2d 389, 394 (S.D.N.Y.2001).

It is undisputed that Defendants employ approximately 400 persons at any given time. Based on this information, Plaintiff argues that the putative class is likely to contain over 1,000 members. Defendants counter that, since some employees were paid overtime, the class would be limited to "only several hundred employees." Either way, the size of the putative class is well in excess of forty persons and accordingly, this Court finds that it satisfies Rule 23's numerosity requirement. *Consolidated Rail*, 47 F.3d at 483.

### 2. *Commonality*

■ "Generally, courts have liberally construed the commonality requirement to mandate a minimum of one issue common to all class members." *Trief v. Dun & Bradstreet Corp.*, 144 F.R.D. 193, 198 (S.D.N.Y.1992). To prove commonality, courts require more than self-serving affidavits and a plaintiff generally must provide either statistical or anecdotal evidence. *Attenborough v. Constr. & Gen. Bldg. Laborers' Local 79*, 238 F.R.D. 82, 97–98 (S.D.N.Y.2006).

Based on limited discovery, Plaintiff has provided evidence to suggest that Defendants had a policy of denying overtime pay to employees. In particular, Defendants' payroll records show that between November 15, 1999 and the filing of the Complaint, parking attendants worked more than 855,-000 hours of overtime, but were compensated for only 422,000. (Shen Decl. ¶ 8.) Defendants also modified employee time cards to decrease total hours worked in an apparent effort to avoid paying overtime. (Shen Decl. ¶ 10 & Ex. H: Examples of Modified Time Cards.) Finally, Plaintiff has provided anecdotal evidence that Defendants effectively denied overtime pay by transferring employees between garages. (Mentor Decl. ¶¶ 8–12; Pierre Decl. ¶¶ 9–11.) With the exception of a conclusory allegation that they only transferred employees for "valid business reasons," Defendants offer no evidence in opposition to Plaintiff's arguments and even concede that "[i]t appears ... [they] may owe some overtime pay to employees." (Younggren Decl. ¶ 13.) In these circum-

stances, the Court concludes that there are significant issues common to the class.

### 3. *Typicality*

■ The class representatives' claims must be "typical of those of the class." *Robinson v. Metro–North Commuter R.R. Co.*, 267 F.3d 147, 155 (2d Cir.2001) (quotation omitted). This requirement is satisfied when "each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability ... When it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective of minor variations in the fact patterns underlying the individual claims." *Robidoux v. Celani*, 987 F.2d 931, 936–37 (2d Cir.1993) (citations omitted).

Defendants argue that Mentor's claims are not typical because he was a manager, not a parking attendant, and thus was not entitled to overtime pay. In support of their argument, Defendants offer only a self-serving, conclusory allegation that Mentor "for most of his tenure ... was ... [a] manager ... where he had some supervisory authority over several employees." (Younggren Decl. ¶ 6.) Mentor disputes this claim, contending that he was always paid an hourly wage rather than a salary and that he worked most shifts alone. (Declaration of Junior Mentor, dated Nov. 21, 2006 ("Supp. Mentor Decl.") ¶¶ 3, 7, 13.) He further contends that, to the extent he was called a "manager" by Defendants, the title was devoid of substantive responsibility because he never had supervisory authority over other employees. (Supp. Mentor Decl. ¶¶ 9–12.) Given the specificity of Mentor's contentions, and the contrast they pose to the broad generalizations offered by Defendants, this Court credits Mentor's declarations. Moreover, it is uncontested that Pierre was not a manager, and accordingly there is no reason to doubt that his NYLL claims are typical of those of the class. Thus, this Court finds that the typicality requirement is satisfied.

#### 4. *Adequacy*

■ The adequacy requirement exists to ensure that the named representatives will "have an interest in vigorously pursuing the claims of the class, and ... have no interests antagonistic to the interests of other class members." *Denney v. Deutsche Bank AG*, 443 F.3d 253, 268 (2d Cir.2006). Plaintiffs who have no interest or time are not adequate class representatives. *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1077–78 (2d Cir.1995).

Defendants argue that Mentor is an inadequate class representative because the statute of limitations bars all but $23.38 in damages on his claims, which gives him a *de minimis* interest in the outcome of the litigation. This Court disagrees. The statute of limitations for FLSA claims is two years, but three years in cases of intentional violation. 29 U.S.C. § 255(a); *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1062 (2d Cir.1988). Defendants' statute of limitations analysis depends on the contention that their denial of overtime pay was not willful—a dubious assertion, in light of the significant evidence to the contrary. Mentor also claims that he is entitled to more than $23.38 in overtime pay even if the applicable statute of limitations is two years. (Supp. Mentor Decl. ¶ 19.) In any event, the Court need not decide the statute of limitations issue on this motion, because there are enough doubts about Defendants' analysis to mitigate any concerns it raises about Mentor's adequacy as a class representative.

Finally, Pierre's adequacy as a class representative is not challenged. Accordingly, this Court finds that both Mentor and Pierre are adequate class representatives.

#### 5. *Ascertainability*

A class must be "precise, objective and presently ascertainable." *Bakalar*, 237 F.R.D. at 64. "Class membership must be readily identifiable such that a court can determine who is the class and bound by its ruling without engaging in numerous fact-intensive inquiries." *Bakalar*, 237 F.R.D. at 64. In this action, the putative class is clearly defined and Defendants have offered no argument to the contrary. The Court finds that the putative class meets the ascertainability requirement of Rule 23.

#### C. *Rule 23(b)(3)*

The Court also finds that the class should be certified under Rule 23(b)(3). Rule 23(b)(3) provides that a class action is appropriate where "questions of law or fact common to members of the class predominate over any questions affecting only individual members, and ... a class action is superior to other available methods for the fair and efficient adjudication of the controversy." In determining whether these requirements are met, the Court should consider "(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability ... of concentrating the litigation of the claims in the particular forum; [and] (D) the difficulties likely to be encountered in the management of a class action." Fed.R.Civ.P. 23(b)(3); *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 205 (S.D.N.Y.2006).

■ The Court finds that questions of law and fact—namely, the existence of an unlawful policy of denying overtime pay to employees—predominate over questions affecting only individual members. Individual class members have little need to control their claims separately and, to the extent such concerns exist, they are sufficiently mitigated by the opt-out provision of Rule 23(c)(2)(B). No other pending litigation concerning the subject matter of the proposed class action has been brought to the attention of the Court. The action is pending in the district where all of the Defendants, and at least a plurality of the Plaintiffs, are located. And no extraordinary difficulties are likely to be encountered in the management of a class action. Accordingly, a class action is superior to piecemeal adjudications to achieve a fair and efficient resolution of the claims at issue. *See Lee*, 236 F.R.D. at 205–06 (certifying NYLL class action under Rule 23(b)(3) alongside FLSA collective action); *Smellie v. Mt. Sinai Hosp.*, No. 03 Civ. 0805(LTS), 2004

WL 2725124, at *6–7 (S.D.N.Y. Nov.29, 2004) (same); *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 88–89 (S.D.N.Y.2001) (same).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to (1) add Pouttley A. Pierre as a Plaintiff in this action; (2) circulate a Notice of Pendency and Consent to Join pursuant to FLSA § 216(b); and (3) certify a class action under NYLL §§ 190 *et seq.* and 650 *et seq.* is granted. Roy & Associates, P.C. is appointed class counsel.

Within fourteen days of the date of the Memorandum and Order, Plaintiffs are directed to (1) modify the proposed Notice of Pendency and Consent to Join to reflect the recent substitution of new counsel and to submit a copy to the Court for approval; and (2) submit for the Court's approval a proposed form of class notice in respect of their NYLL claims. Circulation of any notice is stayed pending further order of this Court.

SO ORDERED: