Richard LEE, Individually and on Behalf Of All Others Similarly Situated, Plaintiffs,

v.

ABC CARPET & HOME, Jerry Weinrib, and Paul Chapman, Defendants.

No. 00 Civ. 0984(DAB).

United States District Court, S.D. New York.

May 22, 2006.

Alan L. Fuchsberg, The Jacob D. Fuchsberg Law Firm, L.L.P., New York City, for plaintiffs.

Ira G. Rosenstein, Lisa Swanson, Orrick, Herrington & Sutcliffe LLP, New York City, for defendants.

### MEMORANDUM & ORDER

BATTS, District Judge.

Richard Lee ("Plaintiff") brings this action individually and on behalf of all other persons similarly situated against former employer, ABC Carpet & Home,[1] Jerry Weinrib, and Paul Chapman (collectively "Defendants") to recover unpaid overtime wages and liquidated damages. Plaintiff's claims are based on violations of the Fair

1. Defendant's correct name is ABC Carpet Co., Inc. (Joint Pre–Trial Order ("JPTO") at 1.)

Labor Standards Act (FLSA), 29 U.S.C. §§ 201 *et seq.* and 29 U.S.C. § 216(b); and the New York Minimum Wage Act, N.Y. Lab. Law § 190 *et seq.* and § 650 *et seq.* Plaintiff moves to certify his claims under the FLSA as a collective action pursuant to FLSA § 216(b), and seeks Court-authorized notice and an Order granting discovery, and Plaintiff seeks to certify the New York State claims as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. For the reasons that follow, Plaintiff's motion to proceed as an FLSA collective action is GRANTED; and Plaintiff's motion for class certification under Fed. R.Civ.P. 23 is GRANTED.

## I. BACKGROUND

The facts of this case are presented thoroughly in *Lee v. ABC Carpet & Home,* 186 F.Supp.2d 447 (S.D.N.Y.2002), decided February 26, 2002, denying Defendants' motion for summary judgment, with which familiarity is presumed. Only the facts necessary to resolve the present motions are recounted here.

ABC Carpet offers a service of carpet installation at customers' premises for customers who purchase carpets at ABC. ABC maintains a list of carpet installation mechanics, and assigns particular jobs to such mechanics, whom they consider to be "independent contractors." Plaintiff was employed at Defendant ABC Carpet as a carpet installation mechanic from 1991 to 1999 and contends he should have been considered an "employee."

On October 19, 2000, the Court held a telephone conference with the parties, and ordered that Plaintiff's motion for class certification be put on hold pending the Court's resolution of Defendants' summary judgment

motion.[2] Plaintiff now seeks authorization to send a notice and "opt-in" form to all prospective members and seeks an Order certifying the matter as a collective action pursuant to the FLSA,[3] and to certify the New York State law claims as a class action pursuant to Fed.R.Civ.P. 23.

## II. DISCUSSION

### A. FLSA Collective Actions

The FLSA was created to "eliminate low wages and long hours" as well as to "free commerce from the interferences arising from production of goods under conditions that were detrimental to the health and well-being of workers." *Lee I,* at 453 (citations omitted). The FLSA regulates minimum and overtime wages paid by employers engaged in interstate commerce. *Id.* (citation omitted).

The FLSA provides a private right of action to recover unpaid overtime compensation and liquidated damages from employers who violate the Act's overtime provisions. 29 U.S.C. § 216(b); *see also, e.g., Gjurovich v. Emmanuel's Marketplace, Inc.,* 282 F.Supp.2d 101 (S.D.N.Y.2003).

Unlike class action suits brought pursuant to Fed.R.Civ.P. 23, only potential plaintiffs who "opt in" may be bound by or benefit from the judgment in an FLSA collective action. 29 U.S.C. §§ 216(b), 256; *see also, Hoffmann v. Sbarro, Inc.,* 982 F.Supp. 249, 260 (S.D.N.Y.1997). In this way, Section 216(b) creates a device less like a Rule 23 class action and more like permissive joinder, allowing all employees similarly situated to join their cases in one action. Specifically, the FLSA provides that:

> [a]n action to recover liability ... may be maintained against any employer ... by

**2.** The Court notes that because Plaintiff conflated his intent to certify the case as a collective action under the FLSA and as a class action under Fed.R.Civ.P. 23, any prior references by the Court or the Parties to a "class action," is presumed to have included the FLSA collective action.

**3.** Unlike a class action motion brought under Rule 23 of the Fed.R.Civ.P., a motion for certification of a collective action under the FLSA is not necessary under FLSA or under the Federal

Rules of Civil Procedure. However, the consent procedures of 29 U.S.C. § 216(b) require that parties affirmatively "opt in" to the collective action by filing consents, and district courts have discretion to regulate notices sent to potential opt-in plaintiffs. *See, e.g., Davis v. Lenox Hill Hosp.,* 2004 WL 1926086, *7, n. 12, 2004 U.S. Dist. LEXIS 17283, *23, n. 12 (S.D.N.Y.2004) (citing *Ansoumana v. Gristede's Operating Corp.,* 201 F.R.D. 81, 84, n. 1 (S.D.N.Y.2001)).

any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such [collective] action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

■ Courts generally follow a two-step process when determining whether a matter should proceed as a collective action. A court first determines whether class members are similarly situated, based on pleadings and affidavits, and if the plaintiff meets the minimal burden of showing that the similarly situated requirement is met, a court certifies the class as a collective action. *See Scholtisek v. Eldre Corp.*, 229 F.R.D. 381, 387 (W.D.N.Y.2005); *see also Masson v. Ecolab, Inc.*, 04 Civ. 4488, 2005 WL 2000133, *12–14, 2005 U.S. Dist. LEXIS 18022, *36–40 (E.D.N.Y. Aug. 18, 2005). Potential class members are then notified and provided with the opportunity to opt in to the action. *Scholtisek*, 229 F.R.D. at 387. After discovery, a court examines the record and again makes a factual finding regarding the similarly situated requirement; if the claimants are similarly situated, the collective action proceeds to trial, and if they are not, the class is decertified, the claims of the opt-in plaintiffs are dismissed without prejudice, and the class representative may proceed on his or her own claims. *Id.* When determining whether a matter shall proceed as a collective action, courts should be mindful of the remedial purposes of the FLSA. *Braunstein v. Eastern Photographic Laboratories, Inc.*, 600 F.2d 335, 336 (2d Cir.1978).

B. "Similarly Situated"

Plaintiff moves to certify this action as a collective action based on the claim that he and potential plaintiffs are similarly situated because:

> they are all or have been subject to [Defendants'] centralized employment scheme, namely, Defendants' misclassification of them as independent contractors and subsequent failure to compen-

sate these employees in accordance with New York state and federal labor laws.

(Pl.'s Mem. Law at 10.) Plaintiff cites for support the Court's denial of Defendants' motion for summary judgment. (Pl.'s Mem. Law at 10–11.) Defendants contend that Plaintiff has failed to demonstrate that he and potential plaintiffs are similarly situated. (Defs.' Mem. Law at 10.)

Plaintiff may satisfy the similarly situated requirement by making a "modest factual showing sufficient to demonstrate that [he or she] and potential plaintiffs together were victims of a common policy or plan that violated the law." *Gjurovich*, 282 F.Supp.2d 101, 104 (quoting *Sbarro*, 982 F.Supp. 249, 261); *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y.2005). Plaintiff's burden is minimal because the determination that the parties are similarly situated is merely a preliminary one. *See, e.g., Realite v. Ark Restaurants Corp.*, 7 F.Supp.2d 303, 306 (S.D.N.Y.1998).

■ To maintain a collective action under the FLSA, a named plaintiff "bears the burden of showing that she is sufficiently 'similarly situated' to the opt-in plaintiffs such that the case may proceed as a collective action. The test is whether there is a 'factual nexus' between the claims of the named plaintiff and those who have chosen to opt-in to the action." *Davis v. Lenox Hill Hosp.*, 2004 WL 1926086, at *7, 2004 U.S. Dist. LEXIS 17283, at *22–23 (S.D.N.Y.2004) (citation omitted). Even if the group of eligible plaintiffs is small, they all "have a right to notice of these claims and an opportunity to join this action." *Davis*, 2004 WL 1926086, at *7, 2004 U.S. Dist LEXIS 17283, at *25.

■ Defendants contend that the FLSA definition of "employee" is limited to individuals, and therefore precludes from this putative collective action any plaintiffs who have formed their own corporation. (Defs.' Mem. Law at 10.) Defendants cite regulations stating that FLSA coverage is "an individual matter as to the nature of the employment of the particular employee." (Defs.' Mem. Law at 10 (citing 29 C.F.R. § 776.2).) Plaintiff responds that whether these potential plaintiffs fall within the FLSA definition of em-

ployee goes to the ultimate issue of the case—whether the mechanics are employees or independent contractors—and therefore may not be determined in the present motion. (Pl.'s Reply Mem. Law at 8.)

Under the FLSA, an "employer" is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). However, a "person" is defined as "an individual, partnership, association, corporation. . . ." 29 U.S.C. § 203(a). An "employee" is defined as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). When interpreting statutes, courts generally "avoid statutory interpretations that render provisions superfluous." *United States v. Anderson,* 15 F.3d 278, 283 (2d Cir.1994). Under the rules of statutory construction, one may find that the term "individual" in the definition of "employee" does not include corporations, as indicated by the fact that the definition of "person" as used in the definition of "employer" includes "an individual . . . [or] corporation," and any other construction would render the mention of corporations superfluous.

■ However, courts construe FLSA definitions liberally, in light of the remedial purpose of the legislation. *See, e.g., Frankel v. Bally, Inc.,* 987 F.2d 86, 89 (2d Cir.1993) (stating that FLSA definitional scope for employment relationships is broad). Additionally, at least one court has held that an individual who formed his own corporation was in fact an "employee." *Gustafson v. Bell Atlantic Corp.,* 171 F.Supp.2d 311, 326 (S.D.N.Y. 2001) (finding that a chauffeur to the defendant company who had formed his own corporation was not truly in business for himself but was an "employee" under the broad FLSA definition, and as such, was entitled to overtime pay).

Whether the sixteen corporations on the list of forty-four potential plaintiffs are covered by the FLSA, therefore, goes to the ultimate question in this case. Accordingly, in light of this outstanding question and in

light of the remedial purpose of the FLSA, the Court finds that the corporations shall be included in the pool of potential plaintiffs at this time.

The Court finds that the Plaintiff satisfied the "similarly situated" requirement when he defeated Defendants' motion for summary judgment by making a colorable claim that he and potential plaintiffs, who are all carpet installation mechanics who worked for and/or are still employed by Defendants, are similarly situated. *Lee,* 186 F.Supp.2d at 457. In *Lee,* the Court determined that, viewing the totality of the circumstances, Plaintiff sufficiently alleged a common policy or plan of the Defendants' failure to pay overtime wages, misclassification as independent contractors rather than employees, and alleged a factual nexus between his circumstances and the circumstances of a number of identified individuals who were in the same position as the Plaintiff. *Id.* at 453–57. Therefore, the Court finds Plaintiff has met the preliminary minimal "similarly situated" burden requirement.

In conclusion, the Court finds that Plaintiff's collective action may go forward, based on Plaintiff's satisfaction of the "similarly situated" requirement.

### C. Timeliness

■ Defendants argue that Plaintiff's collective action claim may not proceed because it is time-barred. (Defs' Mem. Law at 7.) In an FLSA collective action suit, the statute of limitations runs for each plaintiff until the plaintiff files a written consent opting into the suit. 29 U.S.C. §§ 255, 256. The FLSA provides a two-year statute of limitations, and a three-year period for willful violations. 29 U.S.C. § 255(a).[4] Section 256 provides that in the case of a collective action, a claim is deemed commenced by an individual claimant:

> (a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written con-

4. The Second Circuit explained that "a violation is willful for purposes of the FLSA limitations provision only if the employer knowingly violates or shows reckless disregard for the provisions of

the Act." *Gustafson,* 171 F.Supp.2d at 322 (citing *Brock v. Superior Care, Inc.,* 840 F.2d 1054, 1062 (2d Cir.1988)).

sent to become a party plaintiff is filed on such date in the Court in which the action is brought; or

(b) if such written consent was not so filed or if his name did not so appear—on the subsequent date on which such written consent is filed in the Court in which the action was commenced.

Therefore, the statute of limitations period continues to run with respect to each potential plaintiff's collective action claim until that plaintiff files the written consent form. *Sbarro*, 982 F.Supp. 249, 260 ("only by 'opting in' will the statute of limitations on potential plaintiffs' claims be tolled"). Signed consents do not relate back to the original filing date of the complaint. *See Davis v. Lenox Hill Hosp.*, 03 Civ. 3746, 2004 WL 1926086, at *8, 2004 U.S. Dist. LEXIS 17283, at *29–30 (S.D.N.Y. Sept. 1, 2004).

Courts have held that for the purposes of establishing the statute of limitations under the FLSA, a new cause of action accrues with each payday following an allegedly unlawful pay period. *See Acosta v. Yale Club*, 94 Civ. 0888, 1995 WL 600873, at *3, 1995 U.S. Dist. LEXIS 14881, at *8 (S.D.N.Y. Oct. 12, 1995) ("In FLSA cases involving overtime pay, a new cause of action accrues for purposes of § 255(a) at each regular payday immediately following the workweek during which services were rendered and for which overtime compensation is claimed."); *see also Franklin v. New York Law Publishing Co.*, 95 Civ. 1024, 1995 U.S. Dist. LEXIS 9566, at *3, 1995 WL 408390, at *1 (S.D.N.Y. July 11, 1995).

1.   Individual Plaintiff

■   Plaintiff Lee has not yet filed with the Court his written consent, opting into an FLSA collective action. Defendants contend that Plaintiff is now time-barred from doing so. (Defs.' Mem. Law at 7.) They argue that because Plaintiff last worked for Defendants in November of 1999, and he has not yet filed his opt-in consent, his collective action claim is barred by the statute of limitations. (Defs.' Mem. Law at 7.)

Plaintiff argues that the procedural posture of his Complaint has always been to proceed as a collective action. (Pl.'s Reply Mem. Law at 1; Am. Compl. ¶ 1.) The implication of this argument is that Plaintiff has satisfied the policy rationale for the written consent requirement, which is to establish that plaintiffs are certain and actual participants so that defendants may know the parties. Plaintiff argues that his motion for collective action certification was timely made three-and-a-half months after the Court denied Defendants' motion for summary judgment. (Pl's Mem. at 13.) Plaintiff argues that because the Court postponed class action motions until it issued an Opinion on Defendants' motion for summary judgment, and because of the remedial nature of the FLSA, the doctrine of equitable tolling should apply, and Plaintiff should be permitted to file his opt-in consent now. (Pl.'s Reply Mem. Law at 1–4.)

Where parties are ordered or agree by stipulation to suspend proceedings during the pendency of legal proceedings, the time during which a party is prevented from obtaining legal relief is not counted for purposes of statutes of limitations. *See Sbarro*, 982 F.Supp. 249, 260, n. 14 (staying FLSA statute of limitations pending ruling on defendant's motion for judgment on pleadings, pursuant to parties' agreement); *Roebuck v. Hudson Valley Farms*, 239 F.Supp.2d 234, 240, n. 10 (N.D.N.Y.2002) (tolling FLSA statute of limitations period for potential opt-in plaintiffs based on court-sanctioned agreement by parties).

Although there are discrepancies in the record regarding the exact date in 1999 when Plaintiff last worked for Defendants, the Parties agreed in their Joint Pre–Trial Order (JPTO) that Plaintiff worked for Defendants "through 1999." (JPTO Undisputed Facts ¶ 42.) Therefore, it is fair to construe the last possible date for accrual of Plaintiff's collective cause of action as December 31, 1999. Plaintiff's claim relates back to the original Complaint filed in February 2000 by another, now dismissed, plaintiff, although the filing of the Complaint is not sufficient to stop the clock, as Plaintiff must "opt in" to the case. As noted, on October 19, 2000, the Court ordered that Plaintiff's motion for class certification be put on hold pending the Court's resolution of Defendants' summary

judgment motion. Therefore, nine months and nineteen days, or 293 days, passed from Plaintiff's last possible date for accrual until the statute of limitations began tolling, when the Court stayed the certification motion. Time also was tolled while the summary judgment motion was pending, which was decided on February 27, 2002. On July 23, 2002, the Court granted Plaintiff's request to file a motion for a collective action, which Plaintiff filed on August 12, 2002. Time ran between the Court's decision on the summary judgment opinion and the granting of Plaintiff's request, totaling 146 days. Time also has been tolled during the pendency of the present motion. Therefore, the total amount of untolled time is 439 days, or approximately fourteen-and-a-half months. This is within the two-year FLSA statute of limitations for non-willful violations, as well as within the three-year statute of limitations for willful violations. 29 U.S.C. § 255.

It is unclear to the Court why Plaintiff did not file his consent originally when he filed his Complaint, as provided in 29 U.S.C. § 256(a), and the Court finds questionable Plaintiff's timing for moving for a collective action on the same date imposed by the Court for pre-trial submissions. However, because of the unique procedural posture of the case, whereby the Court directed Plaintiff after he had filed his Complaint to postpone any motions for collective or class action until after its decision regarding summary judgment, the Court finds Plaintiff's claims are not time-barred.

2. Potential Plaintiffs

Defendants also argue that the statute of limitations has run on the claims of potential plaintiffs who have not yet opted into the collective action. Of the approximately forty-four potential plaintiffs identified thus far, seventeen, like Plaintiff, last worked for the Defendants in 1999, eight last worked for Defendants in 1998, and nine last worked for Defendants in 1997. (Little Decl., Ex. G.) Therefore, equitable tolling is necessary for any of these claims to proceed.

Equitable tolling generally may be applied to "avoid inequitable circumstances" and may be applied "as a matter of fairness where a [party] has been prevented in some extraordinary way from exercising his rights." *Iavorski v. United States I.N.S.*, 232 F.3d 124, 129 (2d Cir.2000); *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.2000) (explaining that equitable tolling only applies in extraordinary or exceptional circumstances).

Plaintiff argues that equity demands that the Court toll the statute of limitations for all class members who may file consents in response to the authorized notice. (Pl. Reply Mem. Law at 3–4).

In an analogous case in which Plaintiff moved to proceed collectively under both the FLSA and state labor laws, the *Realite* court authorized notice to employees who worked for defendants "within the last six years of the pendency of this lawsuit." 7 F.Supp.2d 303, 308. The Court emphasized that it was certifying a proposed class only for notice and discovery purposes, and that the Court reserved the right to decertify or divide the class upon later finding that potential plaintiffs were not similarly situated. *Id.; see also Harrington*, 2002 U.S. Dist. LEXIS 8823, at *7, 2002 WL 1343753, at *3.

Again, because of the procedural posture of the case and in the interest of fairness, the Court finds the statute of limitations for potential collective action members tolled. Accordingly, potential class member who worked for Defendants within the three years prior to the filing of the first Complaint, whose claim is not time-barred in light of the untolled time calculated above of 439 days, may file a timely opt-in consent. The 439 days must be subtracted from any calculation of a potential class member's statute of limitations. Any carpet mechanics whose claims are time-barred by this formulation are barred from asserting their claims.

D. Notice and Discovery

Plaintiff requests discovery of the names and addresses of all putative class members and finalization of the form, content, and procedure for notification. (Pl.'s Mem. Law at 14; Pl.'s Reply Mem. Law at 4.) He states that while discovery to date has identified forty-four potential class members, based on the 1099 forms turned over by Defendants,

that list may not be comprehensive, and therefore, it is appropriate to re-open discovery to identify all mechanics employed by Defendants "from 1984 [5] to the present." (Pl.'s Mem. Law at 14; Pl.'s Reply Mem. Law at 4; Little Decl., Ex. G.) Moreover, Plaintiff argues that in the interest of justice and because the FLSA is a remedial statute, the doctrine of equitable tolling should apply so that potential plaintiffs for whom the statute of limitations has run may file their written consents. (Pl.'s Reply Mem. Law at 3–4.)

Defendants object to the scope of Plaintiff's request for class discovery as being overbroad because discovery of names of mechanics employed by Defendants from 1994 to the present would include individuals whose claims have expired under the FLSA's three-year statute of limitations for willful violations. (Defs.' Mem. Law at 27–28.) They also argue that Plaintiff should have made efforts previously to secure potential plaintiffs' written consents. (Defs.' Mem. Law at 22.)

■ It is well settled that courts may authorize notice when the plaintiff, as here, has demonstrated that he and potential plaintiffs are similarly situated. *See, e.g., Gjurovich*, 282 F.Supp.2d 101, 104 (quoting *Sbarro*, 982 F.Supp. 249, 261); *Young*, 229 F.R.D. 50, 54. Although the FLSA does not provide courts with a standard for determining whether notice should be sent to potential plaintiffs, the Supreme Court and the Second Circuit have ruled that trial courts have authority in appropriate cases to order discovery to identify potential plaintiffs and to send court-authorized notice to them. *See Sbarro*, 982 F.Supp. at 261; *Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165, 170, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989); *see also Masson*, 2005 WL 2000133, *13, 2005 U.S. Dist. LEXIS 18022, *37 (holding that courts may facilitate notice to potential plaintiffs in appropriate Section 216(b) collective actions because doing so comports with the remedial purpose of the FLSA as well as courts' inter-

est in avoiding multiplicity of suits). The court in *Braunstein* stated that:

> [notice to potential opt-in plaintiffs in FLSA cases] comports with the broad remedial purpose of the Act, which should be given a liberal construction, as well as with the interest of the courts in avoiding multiplicity of suits.

600 F.2d 335, 336.

Courts in this District previously have authorized such notice in FLSA collective actions and overseen the notice process. *See Masson*, 2005 WL 2000133, 2005 U.S. Dist. LEXIS 18022; *Gjurovich*, 282 F.Supp.2d 101, 105–6; *Harrington v. Education Mgmt Corp.*, 02 Civ. 787, 2002 U.S. Dist. LEXIS 8823, at *7–8, 2002 WL 1009463, at *3 (S.D.N.Y., May 17, 2002) (granting notice to potential class members, and ordering defendants to provide addresses within thirty days and plaintiff to submit proposed form and contents of notice within fifteen days); *Zhao v. Benihana, Inc.*, 01 Civ. 1297, 2001 U.S. Dist. LEXIS 10678, at *13–19, 2001 WL 845000, at *2–5 (S.D.N.Y. July 5, 2001) (finding notice appropriate, and determining details of the notice letter's content and form); *Realite*, 7 F.Supp.2d at 308 (affirming earlier ruling authorizing class notice to potential plaintiffs and approving the class definition proposed by plaintiffs). In addition to the benefit of notifying potential plaintiffs about their rights, another reason to proceed with notice is that potential plaintiffs' experiences may be probative of the existence of the alleged unlawful practices and "thereby affect the merits of the Plaintiff's own claims." *Zhao*, 2001 WL 845000, at 2–3, 2001 U.S. Dist. LEXIS 10678, at *13 (citation omitted).

Courts also may permit limited discovery to facilitate notice. *Masson*, 04 Civ. 4488, 2005 WL 2000133, *13, 2005 U.S. Dist. LEXIS 18022, *37 (E.D.N.Y. Aug. 18, 2005); *see also Gjurovich*, 282 F.Supp.2d 101, 108; *Hoffmann–La Roche*, 493 U.S. at 171, 110 S.Ct. 482 (authorizing discovery of names

---

**5.** Plaintiff's request for discovery back to 1984 appears to be a typographical error, as Plaintiff's Amended Complaint identifies persons similarly situated as those employed by Defendants after February 18, 1994. (Am.Compl.¶ 17.) A request for discovery from 1984 most certainly would be overbroad, therefore, the Court will proceed with the understanding that Plaintiff intended 1994 as the earliest date for discovery.

and addresses of potential plaintiffs). Specifically, courts may order discovery of the names and addresses of potential plaintiffs. *Hoffmann–La Roche,* 493 U.S. 165, 171, 110 S.Ct. 482. Beyond that, the Supreme Court has noted that the "details" of notice should be left to the broad discretion of the trial court. *Id.* at 170, 110 S.Ct. 482.

The Court finds Plaintiff is entitled to discovery of the names and addresses of any additional members of the putative class. Defendants shall provide Plaintiff with the names and addresses of those eligible mechanics within thirty (30) days of the date of this Memorandum & Order. Further, Plaintiff shall submit a proposed Notice of Lawsuit and Consent to Sue to Defendants for their approval no later than thirty (30) days of the date of this Memorandum and Order. If the Parties do not stipulate to the form of the Notice within fifteen (15) days of Defendants' receipt of the proposed Notice from Plaintiff, the Parties shall contact the Court. The statute of limitations is further tolled until the names and addresses of eligible class members have been received by Plaintiff from Defendants, and the form of Notice has been agreed to by the Parties.

### E. Class Action Certification

#### 1. Liquid Damages as Bar to Class Action

■ Defendants argue that New York Labor Law does not authorize class actions to recover a penalty, and that the liquidated damages Plaintiff seeks are such a penalty. (Defs.' Mem. Law at 11–15.) Plaintiff claims he is owed both back wages and liquidated damages under the New York Minimum Wage Act and New York Labor Law. (Am. Compl.¶ 2.)

New York CPLR § 901(b) provides that actions to recover a penalty may not be maintained as class actions unless the statute at issue explicitly authorizes such an action. The Labor Law allows for the penalty of liquidated damages, and does not specifically authorize class actions, which means an action may not be maintained as such. *See, e.g., Foster v. The Food Emporium,* 99 Civ. 3860, 2000 U.S. Dist. LEXIS 6053, at *7–8,

2000 WL 1737858, at *2–3 (S.D.N.Y. Apr.26, 2000).

However, courts in this district have certified Labor Law class actions on the condition that plaintiffs waive their right to liquidated damages. *See Smellie v. Mount Sinai Hospital,* 03 Civ. 0805, 2004 WL 2725124, at *5, 2004 U.S. Dist. Lexis 24006, at *15 (Nov. 29, 2004 S.D.N.Y.); *Ansoumana v. Gristede's Operating Corp.,* 201 F.R.D. 81, 95 (S.D.N.Y. 2001); *Brzychnalski v. Unesco, Inc.,* 35 F.Supp.2d 351, 353 (S.D.N.Y.1999). The Court in *Ansoumana* said that, "[i]f the related FLSA and Minimum Wage Act claims were to be litigated in parallel fashion, in this court and in the New York Supreme Court, there would be great potential for confusion of issues; considerable unnecessary costs, inefficiency and inconsistency of proceedings and results; and other problems inherent in parallel class action litigation." 201 F.R.D. 81, 96. Accordingly, this argument fails. As Plaintiff has stated his willingness to waive damages, the Court finds that this provision is not an automatic bar to analyzing Plaintiff's motion for class certification pursuant to Rule 23.

#### F. Rule 23 Legal Standard

■ On a motion to certify a class, a court must accept all allegations in the pleadings as true, but should not determine or resolve the merits of the claims of the case. *Caridad v. Metro–North Commuter R.R.,* 191 F.3d 283, 293 (2d Cir.1999). Plaintiff bears the burden of establishing each of the requirements for class certification. *See, e.g., Velez v. Majik Cleaning Service, Inc.,* 03 Civ. 8698, 2005 WL 106895, at *1, 2005 U.S. Dist. LEXIS 709, at *5 (S.D.N.Y. Jan. 19, 2005). The Second Circuit has directed district courts to apply a liberal, rather than restrictive, interpretation to Rule 23. *See Jones v. CCH–LIS Legal Information Servs.,* 97 Civ. 4372, 1998 WL 671446, at *1, 1998 U.S. Dist. LEXIS 15189, at *2 (S.D.N.Y. Sept. 28, 1998) (citing *Korn v. Franchard Corp.,* 456 F.2d 1206, 1208–09 (2d Cir.1972)). Courts have wide discretion in determining whether to certify a class, and where a collective action under the FLSA that is based on the same set of facts has been approved,

there is an inclination to grant class certification of state labor law claims. *See Ansoumana,* 201 F.R.D. 81, 96.

### G. Rule 23 Requirements

Plaintiff seeks to certify a class comprised of current and former carpet installation mechanics who worked for Defendant ABC Carpet Co., Inc.'s New York retail stores. Plaintiff must demonstrate satisfaction of the requirements of Rule 23(a) and show that this action is maintainable under one of three categories of Rule 23(b).

#### 1. Rule 23(a)

##### a. Numerosity

█ Fed.R.Civ.P. 23(a)(1) permits class action treatment only when "the class is so numerous that joinder of all class members is impracticable." In this Circuit, numerosity is presumed at forty class members. *Consolidated Rail Corp. v. Town of Hyde Park,* 47 F.3d 473, 483 (2d Cir.1995).

█ Plaintiff argues that the numerosity requirement is satisfied by the forty-four identified class members, a group based on the 1099 forms turned over by Defendants during discovery. (Pl.'s Mem. Law at 16, n. 4, 20.) Also, Plaintiff claims that joinder is impracticable because the costs of maintaining separate actions would be prohibitive for the potential class members, obtaining counsel individually may prove difficult because of the relatively small damages, and any potential class members who still work for Defendants may not bring individual suits for fear of retaliation. (Pl.'s Mem. Law at 20.)

Defendants argue that the putative class is too small to justify class status; that the Labor Law's fee-shifting provisions obviate Plaintiff's argument against individual actions; that Plaintiff and most putative class members have no claim for injunctive relief; that retaliation is not an issue in this matter; and that joinder is possible. (Defs.' Mem. Law at 15–18.)

Although the number of plaintiffs might change, it currently is at least 40, and thus numerosity is presumed. Plaintiff's arguments regarding why joinder is impracticable also are compelling. Accordingly, in light of all these factors, the Court finds that joinder, while not impossible, would be impracticable, and the numerosity element has been met.

##### b. Commonality

Commonality requires a showing that the class member share common issues of fact or law. Fed.R.Civ.P. 23(a)(2). "The commonality requirement [is] satisfied if the class shares even one common question of law or fact, and factual differences in the claims of the class do not preclude a finding of commonality." *In re NTL Sec. Litig.,* 02 Civ. 3013, 2006 WL 330113, at *6, 2006 U.S. Dist. LEXIS 5346, at *21 (S.D.N.Y.2006) (internal quotations and citations omitted).

█ Plaintiff argues that common questions of law and fact exist in this case, satisfying the commonality requirement of Rule 23(a)(2). (Pl.'s Mem. Law at 21.) Defendants argue that the Court's findings in its Opinion that questions exist as to whether Defendants exercised "control" over the mechanics, shows that each plaintiff's right to recovery is extremely individualized. (Defs.' Mem. Law at 18.)

This Court found in *Lee I* that questions exist that pertain to all carpet installation mechanics, however, it found that common questions of law and fact predominate over any questions that might affect individual class members, and found that Defendants employed centrally administered policies and practices to treat the potential plaintiffs as independent contractors, not employees. Therefore, Rule 23(a)(2) is satisfied.

##### c. Typicality

Rule 23(a)(3) "requires that the claims of the class representative be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments." *See also Robidoux v. Celani,* 987 F.2d 931, 936–37 (2d Cir.1993).

Plaintiff argues that the typicality requirement of Rule 23(a)(3) is satisfied because all of potential plaintiffs' claims are based on the same legal theories arising out of the same course of Defendants' conduct. (Pl.'s Mem.

at 24.) Defendants argue that Plaintiff's claims are atypical of those of the purported class because he is faced with a unique defense: a statute of limitations that bars his FLSA claim, and thereby eliminates his pendent state-law claim. (Defs.' Mem. Law at 20.)

Rule 23(a)(3) is satisfied here because Plaintiff and the prospective class were subject to the same general employment scheme. Even if the class members' facts are somewhat different than Plaintiff's, the claims are similar enough to meet the typicality element. And, as discussed, because Plaintiff's claim is not barred by the statute of limitations, this defense has no bearing on the typicality analysis.

#### d. Adequacy

Rule 23(a)(4) requires that the representative party "fairly and adequately protect the interests of the class." This adequacy requirement demands that plaintiff's counsel be "qualified, experienced, and generally able" to conduct the litigation, and that the interests of the class members not be "antagonistic." *In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (quoting *Eisen v. Carlisle & Jacquelin*, 391 F.2d 555, 562 (2d Cir.1968)).

Plaintiff argues that the adequacy requirements are satisfied here because Plaintiff's attorneys have extensive litigation experience, including other class action matters, and Plaintiff has established that his claims raise questions of law common and typical to the class. (Pl.'s Mem. Law at 25–27; Pl.'s Reply Mem. Law at 9.) Defendants argue that Plaintiff has not so far acted in a way that furthers the potential class members. (Defs.' Mem. Law at 22.) Defendants point out that Plaintiff has not contacted potential plaintiffs to have them opt in to the collective action, showing he is unable to properly represent class members' interests. (*Id.*) Defendants also raise questions about Plaintiff's counsel's qualifications and motives. (*Id.* at 23.)

The Court finds that based on the past experiences and current conduct of Plaintiff's counsel, that they are entirely capable of conducting the instant litigation. The Court also finds that based on the above findings of typicality and commonality, there is nothing antagonistic about Plaintiff and the proposed class. Accordingly, the adequacy element is met.

#### 2. Rule 23(b) Requirements

Having satisfied the requirements of Rule 23(a), Plaintiff must satisfy one of the three prongs of Rule 23(b). Plaintiff argues he and the proposed class satisfy all three requirements, and therefore certification is appropriate. (Pl.'s Mem. Law at 27–29.) Defendants argue the proposed class fails under all three prongs of Rule 23(b). (Defs'. Mem. Law at 24–27.)

#### a. Rule 23(b)(1)

■ Rule 23(b)(1)(A) states that a class action may be maintainable if "the prosecution of separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class." Plaintiff argues that because the entire New York carpet installation industry may be affected by this case, the possibility of numerous individual suits warrants class certification. (Pl.'s Mem. Law at 28.) Defendants argue that, not only did Plaintiff never assert a claim under Rule 23(b)(1), the lack of an opt-out measure under this prong is unfair to any class members who would be bound by Plaintiff's waiver of the right to liquidated damages, made on all class members' behalf. (Defs.' Mem. Law at 24.)

The Court agrees with Defendants. Plaintiff's Amended Complaint was brought under Rule 23(b)(2) and (3) and the lack of an opt-out measure is troubling to the Court. Accordingly, Plaintiff's motion to certify a class on this basis fails.

#### b. Rule 23(b)(2)

■ Plaintiff argues that Defendants maintain superior bargaining power, preventing Plaintiff and potential class members from lawful compensation, which makes the case suitable for certification under Rule

23(b)(2). (Pl.'s Mem. Law at 28; Pl.'s Reply Mem. Law at 9–10.) Defendants argue that because class actions brought under Rule 23(b)(2) are restricted to those cases where the primary relief sought is injunctive, certification under this rule is inappropriate. (Defs.' Mem. Law at 24.) Defendants point out that Plaintiff, and several other potential class members, have no standing to request injunctive relief, and therefore, their claims are limited to damages. (*Id.* at 25.)

Rule 23(b)(2) states that a class action is appropriate when "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." This category of class is generally restricted to situations where there are no claims for damages, or where damages are secondary to declaratory or injunctive relief. *See Ansoumana*, 201 F.R.D. 81, 88 (citing *Eisen*, 391 F.2d 555, 564).

The Court finds that because injunctive relief would not be available to Plaintiff, nor to other class members who no longer work for Defendants, this basis for certification is inappropriate, and thus fails.

c. Rule 23(b)(3)

▪ Plaintiff argues under Rule 23(b)(3) that the predominant issue in this action is whether Plaintiff and potential class members are considered independent contractors or employees entitled to relief under state and federal labor laws, a question applicable to the entire class. (Pl.'s Mem. Law at 29.) Defendants argue again that joinder is more appropriate in this case, and that, assuming the FLSA collective action goes forward, into which plaintiffs would have to affirmatively opt, certifying a class that automatically will include employees unless they opt out "makes no real sense." (Defs.' Mem. Law at 26 (quoting *Muecke v. A–Reliable Auto Parts and Wreckers, Inc.*, 01 CV 2361, 2002 WL 1359411 (N.D.Ill. June 21, 2002).))

▪ Rule 23(b)(3) states that class action is appropriate where "questions of law or fact common to the members of the class predominate over any questions affecting only individual members." Factors under the rule to be used in such a finding include: the interest of members of the class in individually controlling the prosecution or defense of separate actions; the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; desirability of concentrating the litigation of the claims in the particular forum; and possible difficulties in managing a class action. Under Rule 23(c)(2)(B), plaintiffs are provided with notice approved by the court, and advised of the option of being excluded from the class.

The Court finds that the predominance question is met here. Accordingly, Plaintiff's class action motion is granted under Rule 23(b)(3).

H. Timeliness of Class Action and Prejudice

▪ Defendants argue that Plaintiff's motion for Rule 23 class certification is untimely, pursuant to Rule 23(c)(1), which directs the court to determine by order whether the action shall be brought as a class action "[a]s soon as practicable after the commencement of an action." (Defs.' Mem. at 28.) For the same reasons explained above, regarding the timeliness of Plaintiff's collective action claim, the Court finds that because the Court ordered Plaintiff to postpone making class action motions until after its summary judgment decision, Plaintiff's class action motion, made three-and-a-half months after the Court denied summary judgment, is not time-barred.

Defendants also suggest that they would be prejudiced by proceeding is a class action because they labored on pre-trial submissions without notice of Plaintiff's intentions to move for class certification. (Defs.' Mem. Law at 29.) Plaintiff responds that Defendants are not prejudiced because Plaintiff's initial and continuing procedural stance has been "individually, and on behalf of all others similarly situated." (Pl. Reply Mem. Law at 1, 6.) Specifically, Plaintiff contends that Defendants' lack-of-notice argument must fail in light of Defendants' codicil to the JPTO, objecting to the characterization of the suit

as a class action. (Pl. Reply Mem. Law at 6; JPTO at 2.)

The Amended Complaint clearly states throughout that Plaintiff intended to move for class certification and that Plaintiff was acting on behalf of others similarly situated. Because Plaintiff's procedural stance has been as a class action since the inception of this matter, evinced both by the Complaint and by conversations and correspondence with the Court, the Court finds that Defendants' lack of notice claim fails.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to certify his claims under the FLSA as a collective action is GRANTED for those potential Plaintiffs who can state a timely cause of action. Plaintiff's motion to certify a class under Rule 23(b)(3) of current and former carpet installation mechanics who worked for Defendants, also is GRANTED.

Defendants shall furnish Plaintiff with the names and last known addresses of the potential plaintiffs within 30 days of the date of this Memorandum and Order. Plaintiff is directed to work with Defendant to draft a mutually acceptable form of notice to be sent to potential plaintiffs to inform them of the lawsuit and their right to opt-in to the suit. Plaintiff shall submit this proposed Notice of Lawsuit and Consent to Sue to Defendants for their approval within 30 days of the date of this Memorandum and Order. Any objections by Defendants to the form of the notice and consent that cannot be resolved with Plaintiff shall be made to the Court within 15 days of receipt of Plaintiff's proposal.

Further, Plaintiff's counsel is appointed class counsel.

SO ORDERED.