Kevin KALLOO, Shahraaz Mohammed, and Clement Albertie, individually, and on behalf of all others employed by Unlimited Mechanical Co. of NY, Inc., and any other entities affiliated with, controlling, or controlled by Unlimited Mechanical Co. of NY, Inc., Plaintiffs,

v.

UNLIMITED MECHANICAL CO. OF NY, INC., and any other entities affiliated with, controlling, or controlled by Unlimited Mechanical Co. of NY, Inc., and Nicholas Bournias, individually, Defendants.

No. 11–cv–6215 (NG)(RLM).

United States District Court, E.D. New York.

Dec. 7, 2012.

Kara Sue Miller, Lloyd Robert Ambinder, Virginia & Ambinder LLP, New York, NY, for Plaintiffs.

Kara Sue Miller, Virginia & Ambinder LLP, Lance Grossman, Law Offices of Lance Grossman, New York, NY, for Defendants.

## ORDER

GERSHON, District Judge.

Plaintiffs seek to recover unpaid wages and overtime wages from Defendants Unlimited Mechanical Co. of NY, Inc., and Nicholas Bournias pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207, and 216(b), New York Labor Law §§ 652 and 663, New York Labor Law § 190 *et seq.*, and Title 12 of the New York Compilation of Codes, Rules, and Regulations §§ 146–1.2 and 146–1.4. Plaintiffs have moved for conditional certification for a collective action under § 216(b) and for authorization to send notice to current and former employees of Unlimited Mechanical.

**346**

■ The FLSA specifically contemplates plaintiffs pursuing their claims collectively:

> An action ... may be maintained against any employer ... in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which the action is brought.

29 U.S.C. § 216(b). The collective action procedure provides for efficient adjudication of similar claims and affords plaintiffs "the advantage of lower individual costs to vindicate rights by the pooling of resources." *Hoffmann–La Roche v. Sperling*, 493 U.S. 165, 170, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989).

■ Three features define an FLSA collective action. First, in order to participate, an employee must "opt-in," meaning that he or she must consent in writing to join the suit, and that consent must be filed with the court. 29 U.S.C. § 216(b). Second, the statute of limitations runs on each employee's claim until his individual opt-in form is filed with the court, at which point it is tolled. *See Hoffmann v. Sbarro, Inc.*, 982 F.Supp. 249, 260 (S.D.N.Y.1997). Third, to serve the "broad remedial purpose" of the FLSA, courts can order notice to other potentially similarly situated employees to inform them of their right to opt into the case. *Hoffmann–La Roche*, 493 U.S. at 172–73, 110 S.Ct. 482; *Braunstein v. Eastern Photographic Laboratories, Inc.*, 600 F.2d 335, 336 (2d Cir.1978).

■ Courts generally follow a two-step process when determining whether a matter should proceed as a collective action. A court first determines whether class members are "similarly situated," based on pleadings and affidavits. *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 197 (S.D.N.Y. 2006). If the plaintiffs meet the "minimal burden" of showing that the "similarly situated" requirement is met, a court conditionally certifies the class as a collective action. *Id.* Potential class members are then notified and provided with the opportunity to opt into the action. *Id.*

■ At the second step, after discovery, a court examines the record and again makes a factual finding regarding the similarly situated requirement. *Id.* If the claimants are similarly situated, the collective action proceeds to trial, and, if they are not, the class is decertified, the claims of the opt-in plaintiffs are dismissed without prejudice, and the class representative may proceed on his or her own claims. *Id.*

■ Plaintiffs may satisfy the similarly situated requirement by making a "modest factual showing sufficient to demonstrate that [they] and potential plaintiffs together were victims of a common policy or plan that violated the law." *Id.* Plaintiffs' burden is minimal because the determination that the parties are similarly situated is merely a preliminary one that may be modified or reversed at the second certification stage. *Id.; Realite v. Ark Restaurants Corp.*, 7 F.Supp.2d 303, 308 (S.D.N.Y.1998) (allowing notice, but noting that the collective action may be decertified or divided into subgroups "should discovery reveal that plaintiffs in fact are not similarly situated").

■ At this conditional certification stage, the focus of the inquiry "is not on whether there has been an actual violation of law but rather on whether the proposed plaintiffs are 'similarly situated' under 29 U.S.C. § 216(b) with respect to their allegations that the law has been violated." *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y.2005). *See also*

*Krueger v. N.Y. Tel. Co.*, No. 93–0178, 1993 WL 276058, at *2 (S.D.N.Y. July 21, 1993) ("[T]he Court need not evaluate the merits of plaintiffs' claims in order to determine whether a 'similarly situated' group exists.").

■ In their motion, plaintiffs seek conditional certification for similarly situated individuals, which they define as persons "who currently or formerly performed mechanical repair and service work for Defendants from June 15, 2009 to the present." ECF No. 22–1 at 2.

All three named plaintiffs have each filed declarations and Plaintiff Kalloo has filed a reply declaration in support of the motion. Each plaintiff states facts establishing that the defendant Unlimited Mechanical did not pay him lawful wages or overtime hours. In addition, each plaintiff states that the defendant had roughly twenty people working for it at any one time, no fewer than sixty workers during the entire time of the plaintiffs' employment, and all of the workers were repair men or installers. Each declarant states that he heard his co-workers talk about not being paid all of their wages. Kalloo's reply declaration includes the first names of twelve co-workers who made such statements.

Plaintiffs' evidence satisfies the minimal burden of the similarly situated requirement. The three declarations each establish that the plaintiffs heard their co-workers talk about not being paid lawful wages or appropriate overtime. Plaintiff Kalloo provides the first names of twelve co-workers whom he heard talking about not being paid all their wages or overtime. The defendant acknowledges having a small number of employees and the workers were based out of a single location.

In its opposition, defendant proffers a declaration from its owner, stating, among other things, that the company never had more than twelve employees at one time; there are only about ten persons who could be considered similar to the plaintiffs; plaintiffs were paid appropriate overtime and wages; and timesheets, signed by all the plaintiffs, undermine their claims.

■ Defendants argue that plaintiffs' declarations lack substance and rely on speculation and innuendo. They argue that the declarations mirror each other, and point to timesheets as evidence that the claims are specious. However, plaintiffs' declarations state that they heard their co-workers complaining about not being paid wages or overtime pay. To the extent that defendants make arguments about credibility or the weight of the evidence, those arguments are out of place in a conditional certification motion. *See Young*, 229 F.R.D. at 54.

Defendants cite a number of cases—all distinguishable—in arguing that plaintiffs have failed to establish the similarly situated requirement. The plaintiff in *Prizmic v. Armour, Inc.*, 2006 WL 1662614 (E.D.N.Y.), failed to offer *any* evidence, other than the allegations in his complaint, to show that there might be other potential plaintiffs and there was doubt as to whether he was an employee and not an independent contractor. *Id.* at *3. In *Morales v. Plantworks*, 2006 WL 278154 (S.D.N.Y.), the plaintiff again offered no evidence other than the allegations in the complaint. *Id.* at *3. Even so, the court allowed the plaintiff to engage in limited discovery and noted that the plaintiff could seek collective action certification later in the litigation. *Id.* In *Khan v. Airport Management Services*, 2011 WL 5597371 (S.D.N.Y.2011), the court faulted the plaintiff for not offering names or any specific details regarding forty alleged similarly situated workers, but the plaintiff was attempting to certify a nationwide practice involving 600 stores

in over seventy locations, and could not proffer such information despite five months of preliminary discovery. *Id.* at *4–5. Nor was any other individual willing to join plaintiff in the case. *Id.* at *5. Finally, and contrary to defendants' suggestion, the court in *Myers v. Hertz Corp.,* 624 F.3d 537 (2d Cir.2010), did not make a merits-based ruling on a conditional certification ruling. Indeed, it specifically held that it was declining to exercise pendent appellate jurisdiction over the conditional certification order and ruled only on the class certification order under Federal Rule of Civil Procedure 23. *Id.* at 557–58.

Turning to the proposed notice itself, defendants object to the portion of the notice that includes information about plaintiffs' claims under New York state law that may date to December 21, 2005. Plaintiffs argue that such information is "routinely" included in collective action notice where, as here, plaintiffs also allege state labor law violations. *See Vassallo v. Construtamax, Inc.,* 2011 U.S. Dist. LEXIS 48248, *4 (E.D.N.Y.) (information about state labor law is properly included in the notice). Defendants make no serious argument or provide any authority in support of their objection that the 2005 date is improper.

I have one issue with respect to the proposed notice, however. In paragraph 5, plaintiffs address the statute of limitations for potential federal claims but do not provide any similar information about state labor law claims. Unless plaintiffs have an as-yet unstated reason why this information should not be included, plaintiffs are directed to revise the proposed notice accordingly and submit it for approval.

For the foregoing reasons, the plaintiffs' motion is GRANTED. Plaintiffs are di-

rected to submit a revised proposed notice to the court for approval.

**SO ORDERED.**