Damon ANTHONY, et al., Plaintiffs,

v.

FRANKLIN FIRST FINANCIAL, LTD., Defendant.

No. 09 CV 05578 (BSJ) (RLE).

United States District Court, S.D. New York.

Feb. 21, 2012.

Brian Scott Schaffer, Joseph A. Fitapelli, Fitapelli & Schaffer, LLP, New York, NY, for Plaintiffs.

Neil H. Greenberg, Sr., Neil H. Greenberg & Associates, P.C., Westbury, NY, for Defendant.

### Memorandum and Order

BARBARA S. JONES, District Judge.

Plaintiffs Damon Anthony, Mervin Vaught, Jr., Ted Ishak, Ezzat Tom Ishak, Steven Safdieh, Ramy Hennedy, Robert Isha, and Michael Missak (collectively "Plaintiffs") brought this action against

their former employer, Franklin First Financial, Ltd. ("Defendant") pursuant to the Fair Labor Standards Act·("FLSA") and New York Labor Law.[1] The parties reached a settlement as to Plaintiffs' damages, but were unable to settle the issue of Plaintiffs' statutory attorneys' fees.

Presently before the Court is Plaintiffs' motion for attorneys' fees and costs of $253,943.45.[2] For the reasons discussed, the Court grants Plaintiffs' motion in part and awards Plaintiffs $196,959.45 in attorneys' fees and costs.

## DISCUSSION

Under the FLSA and New York Labor Law, a prevailing plaintiff is entitled to reasonable attorneys' fees and costs. 29 U.S.C. § 216(b); N.Y. Labor Law § 663(1). Defendant does not dispute that Plaintiffs are entitled to recover attorneys' fees, but they dispute the quantum of those fees. Specifically, Defendant challenges both Plaintiffs' proposed hourly rate and their total hours billed.

■ The traditional approach to determining a fee award is the "lodestar" calculation, which is the number of hours multiplied by a reasonable hourly rate. *See Healey v. Leavitt*, 485 F.3d 63, 71 (2d Cir.2007). The Supreme Court recently approved the lodestar approach over the more discretionary approach that had been adopted by the 5th Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974), holding: "Although the lodestar method is not perfect, it has several important virtues. First, in accordance with our understanding of the aim of fee-shifting statutes, the lodestar looks to the prevailing market rates in the relevant community ... Second, the lodestar method is· readily administrable, and unlike the *Johnson* approach, the lodestar calculation is objective, and thus cabins the discretion of trial judges, permits meaningful judicial review, and produces reasonably predictable results." *Perdue v. Kenny A.*, —— U.S. ——, 130 S.Ct. 1662, 1672, 176 L.Ed.2d 494 (2010).

■ To arrive at a lodestar calculation, "[t]he party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). *See also Allende v. Unitech Design, Inc.*, 783 F.Supp.2d 509, 512 (S.D.N.Y.2011) ("As the fee applicant, Plaintiffs bear the burden of documenting the hours reasonably spent by counsel, and the reasonableness of the hourly rates claimed.") "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary ..." *Id.* at 434, 103 S.Ct. 1933. In considering the hourly rate from which to derive the lodestar calculation, the Second Circuit has looked to case-specific considerations, including those outlined by the 5th Circuit in *Johnson. Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir.2008) ("We think the better course ... is for the district court, in exercising its considerable discretion, to bear in mind all of the case-specific

1. Plaintiff were originally·joined in the Complaint by Jason Bengert, Ezra Hazan, Fady Hennedy, and Nevil Nayak, but these additional individuals discontinued their claims during discovery. Plaintiffs' pending motion does not seek attorneys' fees for work conducted on behalf of these original plaintiffs.

2. In addition to the $243,643.45 sought in their original motion for attorneys' fees and costs, Plaintiffs now also seek an additional $10,300 incurred in drafting their Reply motion, for a total of $253,943.45. The Court finds Plaintiffs' request to supplement the fees sought appropriate. *See Weyant v. Okst*, 198 F.3d 311, 316 (2d Cir.1999) (holding that plaintiffs were entitled to attorney's fees for time reasonably spent defending initial fee application).

variables that we and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate.")[3]

### Hourly Rates

Plaintiffs' proposed fee calculation rests on a proposed hourly rate of $350 for attorneys Brian Schaffer ("Schaffer") and Joseph Fitapelli ("Fitapelli"), and an hourly rate of $225 for attorney Eric Gitig ("Gitig").[4] Defendant has challenged these hourly rates, as it argues that counsel's experience and the complexity of the instant case do not justify such rates.

The Court assesses the reasonableness of a proposed hourly rate by considering the prevailing market rate for lawyers in the district in which the ruling court sits. *Polk v. New York State Dep't of Corr. Serv's.*, 722 F.2d 23, 25 (2d Cir. 1983). To determine the prevailing market rate, "[t]he rates used by the court should be current rather than historic hourly rates." *Reiter v. MTA N.Y. City Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006). Additionally, "courts may conduct an empirical inquiry based on the parties' evidence or may rely on the court's own familiarity with the rates if no such evidence is submitted." *Wong v. Hunda Glass Corp.*, 09 Civ. 4402, 2010 WL 3452417 at *3 (S.D.N.Y. Sept. 1, 2010).

In support of their proposed hourly rates, Plaintiffs have provided the Court with: (1) affirmations from Schaffer; (2) a sample of law firm billing rates; (3) Affidavit of Samuel S. Shaulson, a partner at the law firm of Morgan, Lewis & Bokius LLP; (4) a Crain's article quoting Fitapelli as a representative from the Plaintiff's bar; (5) declarations from Justin Swartz and D. Maimon Kirschenbaum, attorneys respectively from the wage and hour firms Outten & Golden and Joseph Herzfeld; (6)redacted retainer agreements from August 2010 through March 2011, which indicate an hourly rate of $350; and (7) a declaration of Scott F. Morgan, partner at Weiner, Millo, Morgan & Bonanno, LLC, Fitapelli's prior employer.

Defendant has responded to Plaintiffs submissions by including as exhibits to its opposition brief: (1) counsel's biographical information taken from their firm website; (2) publicly available information regarding Schaffer, Fitapelli, and Gitig's dates of bar admission; and (3) background information regarding counsel's prior employers taken from the internet.

Having reviewed both the evidence submitted by the parties and the hourly rates recently approved by courts in this district for FLSA and statutory fee cases, the Court finds that the proposed hourly rates submitted by Plaintiffs do appear to be on the high side of the rate range for attorneys with comparable levels of experience.[5] *See Allende*, 783 F.Supp.2d at 514 (awarding hourly rate of $450 and $300 for a partner and an associate who had both graduated law school in 2001, $275 for an associate who had graduated in 2007, and

---

3. Although there is some question as to whether the Supreme Court's *Perdue* opinion casts doubt on the viability of the Second Circuit's decision in *Arbor Hill*, 522 F.3d 182, *see Allende*, 783 F.Supp.2d at 514, FN. 4, this Court need not resolve the issue as the result in this case would be identical had the Court adopted the *Arbor Hill* approach.

4. Schaffer, Fitapelli, and Gitig are the only attorneys practicing at Plaintiffs' retained firm of Fitapelli & Schaffer, LLP, and they are the only attorneys who Plaintiffs now seek to recover fees for.

5. The Court notes that Fitapelli, Schaffer, and Gitig graduated from law school in 2001, 2003, and 2009 respectively. Aff. of Brian Schaffer in Supp. of Mot. for Attorneys' Fees at ¶¶ 26–28.

$125 for law clerks); *Wong*, 2010 WL 3452417 at *3 ("the range of fees in this District for civil rights and employment law litigators with approximately ten years' of experience is between $250 and $350 per hour"); *Saunders v. City of N.Y.*, 07 Civ. 830, 2009 WL 4729948 at *8 (S.D.N.Y. Dec. 9, 2009) (awarding hourly rate of $425 for partners with eighteen and sixteen years of experience, $300 for associate who had graduated law school in 2001, and $275 for associates who had graduated law school in 2005 and 2006); *and N.Y. City Dist. Council of Carpenters v. Rock–It Contracting*, No. 09 Civ. 9469, 2010 WL 1140720, at *4 (S.D.N.Y. Mar. 26, 2010) (awarding in an ERISA action attorneys' fees at an hourly rate of $400 for a partner with twenty-eight years of experience, $300 for an associate admitted to the bar in 2005, and $125 for an intern). That said, with respect to Schaffer and Fitapelli, the Court gives significant weight to the retainer agreements submitted by Plaintiffs which indicate that the firm regularly charges a $350 hourly rate to its clients. *See Rozell v. Ross–Holst*, 576 F.Supp.2d 527, 544 (S.D.N.Y.2008) ("[T]he range of rates that plaintiff's counsel actually charge their clients … is obviously strong evidence of what the market will bear."); *Lilly v. County of Orange*, 910 F.Supp. 945, 949 (S.D.N.Y.1996) ("The actual rate that counsel can command in the market place is evidence of the prevailing market rate.") In light of this evidence, the Court declines to adjust the hourly rates of Schaffer and Fitapelli.

■ The Court arrives at a different conclusion, however, with respect to the hourly rate for Gitig. Gitig graduated from law school the same summer that the instant Complaint was filed, and he was not admitted to practice until 2010. Although Plaintiffs argue that their proposed rate for Gitig "is at the low end of associate rates charged by firms" practicing in wage and hour law, Reply Aff. of Brian Schaffer in Supp. of Mot. for Attorneys' Fees at ¶ 14, they have submitted no evidence to support any assertion that clients have paid for Gitig's counsel at the proposed hourly rate of $225. In light of these facts, particularly given that some portion of Gitig's work on the case was as a law clerk and not an admitted attorney, the Court reduces the hourly rate for Gitig from the proposed $225 to $175.

The Court's rate reduction for Gitig reduces the attorneys' fees by $8,215, from Plaintiff's proposed $252,060 to $243,845.[6]

### Time Expended

As part of their fee application, Plaintiffs have submitted contemporaneous time records that reflect a total of 795.4 billed hours.[7] Aff. of Brian Schaffer in Supp. of Mot. for Attorneys' Fees, Exh. C at 26, and Reply Aff. of Brian Schaffer in Supp. of Mot. for Attorneys' Fees, Exh. H at 1. Defendant argues that these hours should be reduced because the billed hours include excessive, redundant, and unnecessary time expenditures.

In support of its position, Defendant argues that the following constitute redundant, excessive, and unnecessary

---

**6.** This difference is the result of a $55 reduction to Gitig's travel fees, and a $8,160 reduction to Gitig's non-travel fees.

**7.** Plaintiffs' total billed hours includes 33.1 hours of travel, which Plaintiffs' counsel have billed at a rate of 50% of the traveling attorney's regular billing rate. Defendant has not specifically challenged either Plaintiffs' inclusion of travel hours or the applicable billing rate, and the Court finds Plaintiffs' calculation of travel fees to be consistent with this Circuit's approach to travel fees. *See LV v. N.Y. City Dept. of Educ.*, 700 F.Supp.2d 510, 526 (S.D.N.Y.2010) ("Courts in this Circuit regularly reduce attorneys' fees by 50% for travel time.")

billed hours; 77.5 hours for three attorneys to attend strategy meetings; 68 hours for reviewing, editing, and revising another attorney's work; 172.1 hours for a summary judgment motion; 75.5 hours for preparations and attendance at a settlement conference; 22 hours for a motion for reconsideration; 14.6 hours for drafting the complaint; 7.6 hours for preparations and attendance at a Rule 16 conference; 4.4 hours for preparations and attendance at follow-up to the Rule 15 conference; and 33.4 hours for an FLSA damages chart. Defendant thus argues that all of the aforementioned 514.3 [8] hours should be set aside.

■ Although the Court finds Defendant's position extreme, having reviewed in detail the submitted billing records and the motion papers filed throughout this case, the Court finds that some of Plaintiffs' proposed hours are excessive or unnecessary. The specific expenditures which the Court takes issue with include: 16 hours for administrative tasks performed by attorneys (e.g. assembling and binding motion papers, creating tables of contents and authority, and uploading scanned materials to ECF); 8.1 hours for Gitig's participation in depositions and conferences that either Schaffer or Fitapelli also attended; 23.3 hours for updating and revising a spreadsheet related to damages; 84 hours for internal meetings between the attorneys assigned to the case; 26.9 hours for research related to the Defendant's background and prior lawsuits; and 93.9 hours for revising, reviewing, and editing attorney work product (work product that, in many cases, was originally drafted by one of the firm's partners).[9]

To account for these excesses, the Court reduces the total attorneys' fees by 20%. *See e.g. Allende,* 783 F.Supp.2d at 515 (reducing legal fees by 7% to account for duplicative billing); *Trustees N.Y. Oil Heating Ins. Fund v. Anchor Tank Lines Corp.,* 09 Civ. 9997, 2011 WL 767162 at *5 (S.D.N.Y. Mar. 4, 2011) (reducing attorneys' fees by 10%); *and Top Banana, L.L.C. v. Dom's Wholesale & Retail Ctr., Inc.,* 04 Civ. 2666, 2008 WL 4925020 at *2 (S.D.N.Y. Nov. 10, 2008) (5% fee reduction "to take into account attorney hours billed for the performance of paralegal-type work, as well as duplicative charges"). Thus, Plaintiffs should be awarded only 80% of their total $243,845 attorneys' fees, which equals $195,076.[10]

*Costs*

In addition to their fees for legal work, Plaintiffs have also submitted costs of $1,883.45, the bulk of which are costs associated with ordering deposition transcripts. Defendant has not challenged these submissions, and the Court finds these submitted costs appropriate.

**CONCLUSION**

In light of the foregoing discussion, the Court awards Plaintiffs $195,076 in attorneys' fees and $1,883.45 in costs, for a total

---

**8.** The Court notes that Defendant's opposition brief requests that 514.5 hours be set aside, but by the Court's calculation, this figure does not equal the sum of the billing entries cited by Defendant. *See* Mem. of Law in Opp. to Fitapelli & Schaffer, LLP's Mot. for Attorneys' Fees at 6.

**9.** Of these total 252.2 hours, 185.4 were billed by Schaffer or Fitapelli, and 66.8 were billed by Gitig.

**10.** As suggested by Defendant, the Court acknowledges that, even following its reduction, the awarded attorneys' fees exceed Plaintiffs' recovery in this case. In FLSA cases, however, "the attorneys' fees need not be proportional to the damages plaintiffs recover, because the award of attorneys' fees in such cases encourages the vindication of Congressionally identified policies and rights." *Allende,* 783 F.Supp.2d at 511.

of $196,959.45. The Clerk of the Court shall enter judgment accordingly.

**SO ORDERED.**