Kevin **KALLOO**, Shahraaz Mohammed and Clement Albertie, Individually, and on behalf of all others employed by Unlimited Mechanical Co. of NY, Inc. and any other entities affiliated with, controlling, or controlled by Unlimited Mechanical Co. of NY, Inc., Plaintiffs,

v.

UNLIMITED MECHANICAL CO. OF NY, INC. and any other entities affiliated with, controlling, or controlled by Unlimited Mechanical Co. of NY, Inc. and Nicholas Bournias, individually, Defendants.

No. 11–CV–6215 NG RLM.

United States District Court, E.D. New York.

Dec. 18, 2013.

Charles R. Virginia, Kara Sue Miller, Lloyd Robert Ambinder, Michael Bauman, Virginia & Ambinder, New York, NY, for Plaintiffs.

Kara Sue Miller, Virginia & Ambinder LLP, Lance Grossman, Law Offices of Lance Grossman, New York, NY, for Defendants.

GERSHON, United States District Judge:

In this case brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), § 190 *et seq.*, judgment

was entered in favor of the three plaintiffs against the defendants jointly and severally in the total amount of $71,451.49. *Kalloo v. Unlimited Mech. Co. of NY, Inc.,* 977 F.Supp.2d 187, 208–09, 2013 WL 5574774, at *18 (E.D.N.Y. Oct. 10, 2013). The plaintiffs now seek an award of attorneys' fees in the sum of $157,751.00 and costs in the sum of $9,276.36. *See* 29 U.S.C. § 216(b); N.Y.L.L. §§ 198(1–a), 663(1). Defendants do not challenge the availability of an award of reasonable fees and costs under both federal and New York law, but argue for substantial reductions from the amounts requested.

**Plaintiffs' Success at Trial**

■ Even though the degree of success obtained by the attorneys in a given case has been described as "the most critical factor" in determining what constitutes a reasonable fee award, *Farrar v. Hobby,* 506 U.S. 103, 114, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992), the Supreme Court has made clear, at least as far back as *City of Riverside v. Rivera,* 477 U.S. 561, 574, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986), that a statutory fee award need not be proportionate to the amount of damages plaintiffs actually recovered. In *City of Riverside,* the Court upheld a fee award under 42 U.S.C. § 1988 seven times greater than the amount of compensatory and punitive damages awarded. In doing so, the Court noted that damages awards, and not just awards of declaratory or injunctive relief, may secure important social benefits, including deterrence, and that a plaintiff who obtains relief in a civil rights suit vindicates policies Congress considered of the highest importance. The Court went on to note that a rule of proportionality—limiting fees to, say, one-third of a damages recovery—would be inconsistent with Congress's recognition, in enacting § 1988, that "private-sector fee arrangements

were inadequate to ensure sufficiently vigorous enforcement of civil rights." *Id.* at 578, 106 S.Ct. 2686. As the Court of Appeals for the Second Circuit noted in *Kassim v. City of Schenectady,* 415 F.3d 246, 252 (2d Cir.2005), "we have repeatedly rejected the notion that a fee may be reduced merely because the fee would be disproportionate to the financial interest at stake in the litigation." Indeed, a "court should compensate the plaintiff for the time his attorney reasonably spent in achieving the favorable outcome, even if 'the plaintiff failed to prevail on every contention.'" *Fox v. Vice,* —— U.S. ——, 131 S.Ct. 2205, 2214, 180 L.Ed.2d 45 (2011) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 435, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)).

The same reasoning applies to FLSA suits where, as in civil rights suits, Congress has determined that successful plaintiffs shall be awarded reasonable attorneys' fees. *See, e.g., Allende v. Unitech Design, Inc.,* 783 F.Supp.2d 509, 511–12 (S.D.N.Y.2011); *Anthony v. Franklin First Fin., Ltd.,* 844 F.Supp.2d 504, 509 n. 10 (S.D.N.Y.2012); *Merino v. Beverage Plus America Corp.,* 2012 WL 4468182, at *1 (S.D.N.Y. Sept. 25, 2012). Notably, cases determining awards of attorneys' fees under the FLSA rely interchangeably on cases arising under § 1988. *See, e.g., Barfield v. N.Y. City Health & Hosps. Corp.,* 537 F.3d 132, 151–53 (2d Cir.2008).

Here, plaintiffs' attorneys in fact achieved considerable success. The three plaintiffs were each successful at trial. While they did not obtain the approximately $103,000 in combined damages which were claimed in the pretrial order, they did obtain over $71,000 in combined damages.[1] And, while counsel for plaintiffs do not seek fees for defending the counter-

---

**1.** The amended complaint does not identify    the amount of damages sought or anticipated.

claims brought against two of the plaintiffs, they did achieve complete vindication for their clients as to those counterclaims in that the counterclaims were found unproven at the trial.

■ The defendants rely heavily on the decision in *Barfield*, 537 F.3d at 153, where the Court of Appeals affirmed the district court's exercise of discretion in reducing an FLSA fee request by 50% on the ground that the collective aspect of the action had failed. The defendants here ask the court to reduce the fee requested by 75%, rather than simply accept plaintiffs' methodology of not seeking fees for the collective part of the action. I find that plaintiffs' elimination of the limited fees involved in the collective aspect of the litigation is a fair way to adjust the fees to their success. In *Barfield*, the case was brought with counsel's "anticipated relief for thousands," but the action was not even certified as a collective action. *Id.* at 152. Here, in the exercise of my discretion, and under the very different facts of this case, I find plaintiffs' methodology reasonable. Unlike in *Barfield*, the plaintiffs succeeded on their motion to certify a collective action based upon an anticipated 20 to 60 employees, but, of that limited number of potential plaintiffs, only the three named plaintiffs went forward. *See Kalloo v. Unlimited Mech. Co. of NY, Inc.*, 908 F.Supp.2d 344, 348 (E.D.N.Y.2012).

Most significantly, and ignored by the defendants, the reduced award to plaintiff's attorneys in *Barfield* was nearly $50,000, despite the minimal damages of $1,744.50 that were awarded to the sole plaintiff.[2] Considering plaintiffs' success, I must go on to consider whether the fees and costs requested here to achieve that success are reasonable.

**Billing Rates**

■ "The reasonable hourly rate is the rate a paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir.2008) (addressing the various factors that may go into that determination). In determining the appropriate hourly rate, the court should, among other things, "attempt to approximate 'the market rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.' " *Green v. City of N.Y.*, 403 Fed. Appx. 626, 629 (2d Cir.2010) (quoting *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir.1998)).

■ The billing rates requested here are unchallenged with the exception of the rate of $325.00 for associate Kara Miller, who billed the bulk of the hours. Defendants argue that her relative lack of experience means that her rate is not justified. On the contrary, Ms. Miller has practiced exclusively as a labor and employment litigator since 2008, either at Morgan, Lewis & Bockius, or, now, at Virgina & Ambinder. A higher rate has been approved for her in this district and, based upon my observations, she clearly has earned the

---

**2.** Defendants complain that plaintiffs, in violation of Rule 408 of the Federal Rules of Evidence, note that defendants could have avoided much of the fees requested by settling the case with them. But in *City of Riverside*, the Supreme Court itself remarked that defendants, complaining of the size of the fees sought, could have avoided them through settlement. *See City of Riverside*, 477 U.S. at 580 n. 11, 106 S.Ct. 2686; *but cf. Siracuse v.*

*Program for the Dev. of Human Potential*, 2012 WL 1624291, at *20 (E.D.N.Y. Apr. 30, 2012) (finding a violation of Rule 408 where a defendant in a fee shifting case tried to get a fee reduction by arguing that plaintiff's counsel acted unreasonably in rejecting its settlement offer). In any event, I find that the settlement discussions in this case have no bearing on my conclusions regarding fees.

rate that plaintiffs seek. While she might not be an experienced trial examiner, her highly prepared and effective trial work evidenced her skill and efficiency. Like the partner at trial, Charles Virginia, she was prepared on both the law and the facts. Their familiarity with the applicable law and the specific facts of this case assured that the trial moved swiftly, saving the time of the court, as well as, undoubtedly, that of defense counsel. In sum, her rate is fully justified.

## Reasonableness of Hours Expended

■ To begin with, defendants' claim that plaintiffs did not submit contemporaneous billing records or summaries of the lawyers' work is simply inaccurate. Plaintiffs have submitted their contemporaneous billing records, in the usual computerized format, and they have summarized both the type of work performed, and the hours spent by each individual attorney and staff member. Among other things, they defended and conducted 13 depositions, attended various court conferences, attempted to settle the case with the assistance of the magistrate judge, and readied the case for trial. The trial itself took place over the course of three days, followed by the briefing of certain legal issues and oral argument.

Defendants' complaint that the firm staffed the trial with both a partner and an associate is without merit. Clearly, each performed different tasks, including examining different witnesses. Their work was not duplicative but collaborative and complementary.

Nor was this as "simple" a case as defendants would have me conclude. A look at the spreadsheets of damages, alone, establishes the complexity of some of the factual issues. With respect to those spreadsheets, defendants inexplicably argue that their preparation is not compensable. On the contrary, they were essential to the plaintiffs' damages requests. The depositions regarding the spreadsheets are also compensable, including the deposition involving some revised damages calculations. It is hardly unusual for there to be revisions, here modest in scale, and it was reasonable for plaintiffs to make revisions and to defend them at a deposition.

Defendants argue that the time sheets are not detailed enough, that the entries are sometimes vague, and that there has been block billing and excessive staffing. I have read each entry on the billing statements. Based upon that review, my own direct observations of some of the work performed, and careful consideration of each of defendants' arguments, I find their challenges as to the reasonableness of the hours expended to be largely without merit. For example, the partner billed for preparation of an opening statement at trial, but, when I inquired at the trial whether he wanted to make a statement or go right into the testimony, he waived an opening. This occurred after I had engaged in considerable discussion with counsel at the outset of the trial to achieve stipulations of fact and resolve questions that I had. That the partner waived an opening statement at that point does not make it unreasonable for him to have prepared and to bill for that preparation. Preparation for an opening statement at trial is obviously reasonable, whether he ultimately chose to make one or not, and his preparation undoubtedly helped him throughout the trial.

Nonetheless, there are a very modest number of time entries that are apparently, but inexplicably, duplicative and others, including certain office conference entries, that, because not sufficiently detailed, cannot be fully evaluated. Therefore, I will impose a five percent across the board reduction on the total of fees requested, yielding a fee award of $149,863.45.

## Costs

■ Plaintiffs' request for $9,276.36 in costs is reasonable and sufficiently supported by their contemporaneous records. Defendants' claim that costs should be denied because plaintiffs did not submit invoices or bills is rejected. The costs include the filing fee in this court, reasonable and expected fees for service of process and, principally, the costs of transcripts of the depositions taken in this case, costs which defendants could easily verify from their own records. In the absence of any substantive challenge to these fees or any reason to doubt such things as the 16 cents spent on Lexis on July 6, 2012, or the 40 cents spent on PACER on July 12, 2012, there is no sound reason to require further support for the costs.

### CONCLUSION

The plaintiffs are awarded $149,863.45 in attorneys' fees and $9,276.36 in costs.

**SO ORDERED.**